Cox
v.
Hunt.

## Cox v. Hunt and Another.

A non-resident plaintiff must give security for costs. The security need not be given, however, till required by the defendant.

The failing to give such security before the commencement of the suit, is not of itself a cause of continuance.

*Monday,*
*November 12.*

ERROR to the *Fayette* Circuit Court.—The plaintiffs below, defendants in error, were not resident in the state, and the defendant therefore obtained a rule on them to show cause why the suit should not be dismissed for want of security for costs. Before the expiration of the rule security was given; and the rule was discharged. The defendant then moved for a continuance on the ground that as the security had not been filed before the commencement of the suit, he was not bound to come prepared for trial. The motion was overruled; and there was judgment for the plaintiffs by default.

The plaintiff in error relied on the statute of 1817, p. 40.

HOLMAN, J.—The act requiring non-residents to give security for costs, deserves a liberal construction. Its object is to secure the expenses of litigation to all persons concerned, whenever a suit is improperly commenced or prosecuted by a person beyond the jurisdiction of the state. This object is effected if the security be given whenever required. When thus given it operates as a furtherance of justice to both parties. It retains the plaintiff's action in Court, and secures to the defendant, and the officers of the Court, the costs that may have been previously expended, which might be lost by a dismission of the suit. This construction is supported by the decision of the Court of Appeals in *Kentucky*, in construing a similar statute. *Barnett* v. *Warren*, Hard. 172.—*Wheelin* v. *Kertley*, ib. 540 (1). We are therefore of opinion, that the Circuit Court acted correctly in receiving the bond for costs in discharge of the rule against the plaintiffs. We are also of opinion, that this circumstance alone was not a sufficient cause of continuance. Had it been connected with an affidavit, that the defendant had a just and legal defence to the action, and was unprepared to make it in consequence of there being no previous security for costs, it would have presented a case deserving more serious consideration.

*Per Curiam.* The judgment as to the debt is affirmed; as to

the damages reversed, that part being erroneous. Cause re-
manded, &c.

*Caswell*, for the plaintiff.

*Test*, for the defendants.

(1) Acc. Stat. 1823, p. 291. In *England*, formerly, security for costs on account of the plaintiff's non-residence was not required, except in ejectment and actions qui tam; but the practice is now otherwise. 1 Tidd, 477. The application for security, however, cannot be there made until the defendants or one of them put in bail, *De la Preuve* v. *The Duc de Biron*, 4 T. R. 697; nor to stay the proceedings till security be given, unless application for the security be first made to the plaintiff's attorney. *Baille* v. *Bernales*, 1 Barn. & Ald. 331. The defendant must take no further step, after a knowledge of the non-residence, until the application for security, if he intends to make it, *Duncan* v. *Stint*, 5 Barn. & Ald. 702: the rule in chancery is, that if the defendant demur, plead, or take any other step in the cause, or even pray time to answer, it is a waiver of his right to security, when the non-residence appears on the face of the bill; and if it does not, he must then apply as soon as the fact comes to his knowledge, which may be in any subsequent stage of the suit. *Long* v. *Majestre*, 1 Johns. Ch. R. 202.—*Goodrich* v. *Pendleton*, 3 Johns. Ch. R. 520.

A non-resident executor must give security: The general rule, says *Dallas* C. J., is, that where a party lives out of the jurisdiction of the Court, he must give security for costs, if application to that effect be made at a proper stage of the proceedings. My brother *Hullock* has attempted to distinguish this case by saying that the plaintiffs, as executors, would not be liable, and therefore security is only nugatory. If the law be so, that the plaintiffs cannot be liable, the inference drawn is correct; but the plaintiffs may be liable though they do sue as executors: I think therefore security ought to be given.—The rest of the Court concurred. *Chevalier* et al. ex'rs v. *Finnis*, 1 Brod. & Bingh. 277. But the contrary has been held in *New-York; Kent* C. J. saying that the plaintiff, (an administrator,) who sues *en auter droit*, is not responsible for costs if he fails, except under special circumstances; and ought not to be obliged to enter into personal security in the first instance. *Goodrich* adm'r v. *Pendleton*, supra. A defendant in replevin, residing out of the jurisdiction of the Court, is liable to give security; he being as to this matter in the situation of an ordinary plaintiff. *Selby* v. *Cruchley*, 1 Brod. & Bingh. 505. In ejectment, if the lessor be an infant the Court will stay the proceedings until security be given for costs, unless a responsible person be named as plaintiff, or the father or guardian undertake to pay them; and if the lessor reside abroad, or die pending the action, the proceedings will be stayed until security be given. Adams, 317. In a suit for mesne profits in the name of the nominal plaintiff, security may be required. Ibid. 330. So if the plaintiff be convicted of felony, and under sentence of transportation, *Harvey* v. *Jacob*, 1 Barn. & Ald. 159, or in the state prison, *Anon*. 1 Cowen, 60. Security cannot be demanded merely on account of the plaintiff's insolvency, *Golding*, qui tam, v. *Barlow*, Cowp. 24, *Field*, qui tam, v. *Carron*, 2 H. Bl. 27; nor if one of the plaintiffs be a resident. *M'Connell* et al. v. *Johnston*, 1 East, 431.—*Anon*. 7 Taunt. 307. But upon affidavit that a resident plaintiff's suit is vexatious and without cause, and that he is unable to pay costs, se-

curity may be required whether the case be in a Circuit or a Justice's Court. Stat. Dec. 1825, p. 51. It may be required, by the justice, of a plaintiff not resident in the county. Stat. 1823, p. 245.

As to the amount of the penalty of the bond our statute is silent. So is the rule of chancery practice in *New York.* The Chancellor there says: The extent of the security, not being mentioned in the rule, must be left to the discretion of the Court; the old rule in the *English* Court of Chancery, where the plaintiff lived abroad, was 40*l.*; but Lord *Hardwicke* said it was too low, and the Court frequently increased it upon terms. *Long* v. *Majestre,* 1 Johns. Ch. R. 202. In 1828, the *English* Court of Chancery adopted the following rule:—Ordered, That the penal sum in the bond to be given as a security to answer costs by any plaintiff who is out of the jurisdiction of the Court, be increased from 40*l.* to 100*l.* 2 Jurist, 145.

Vide also on the subject of this note, 2 Arch. Pr. 192.—*Phelps* v. *Yeomans,* 2 Day's Cas. 227.—*Meiks* v. *Childs,* 3 Caines, 139.—*Jackson* v. *Powell,* 2 Johns. Cas. 67.—*Pfister* v. *Gillespie,* ibid. 109.—*Ketcham* v. *Clark,* 4 Johns. R. 484. —*Dew* v. *Inslee,* 1 Hals. 473.—*M'Vickar* v. *Ludlow's* heirs, 2 Ohio, 259.—*Davies* v. *Graham,* 2 Marsh. Ky. R. 540.—*Jacobs* v. *Sale,* Gilmer, 123.—*Dismukes* v. *Dismukes,* 1 M'Cord, 552.—*Furman* v. *Harman,* 2 M'Cord, 436.—*Day* v. *Wilcox,* ibid. 454.