COOLEY and others vs. GREGORY and another.

Where on account of facts occurring after judgment, or before judgment and after the time when a party can avail himself of them in the action; showing that the judgment ought not to be enforced, in whole or in part, relief may be given on account thereof, upon motion to vacate the judgment, to order it satisfied, or to stay proceedings on it, according to the circumstances of the particular case.

If the facts upon which the motion is founded are disputed, and the nature of the controversy is such as to require it, the court may direct an issue to determine them, and decide the matter upon the verdict of the jury.

APPEAL from the Circuit Court for *Dane* County.

Appeal from an order denying an application to set aside an execution and satisfy the judgment rendered in the action. The defendant's motion papers show that *Cooley, Wadsworth*

*& Farwell*, had recovered a judgment against *West & Gregory*, upon which there was on the 3d of Dec. 1860, due and unpaid, the sum of $463.36, and that on that day *Gregory* made an agreement with the plaintiffs' attorney by which he consented to the issuing of an execution on the judgment for that sum, and was to pledge 600 bushels of wheat for the payment of the amount due, by the 1st of Feb. 1862, and was to give an accepted order on Scurr & Flowers, of Milwaukee for the wheat, and the plaintiffs were to give time for the payment of the amount due until Feb. 1, 1861, and to make no more costs before that time. The wheat was to be sold to pay the debt and warehouse charges and expenses of sale, if the judgment was not paid by that time, and the surplus of the proceeds, if any, was to be paid to *Gregory*, and if he paid the judgment the order was to be returned to him. The accepted order for the wheat was delivered by *Gregory* according to the agreement, and on the 19th of June, 1861, was delivered to Miles & Armour for the plaintiffs, and on the 10th day of July thereafter, without giving any notice to *Gregory*, or demanding payment of the judgment they sold the wheat for 58 cents per bushel, when it was in fact worth seventy four cents per bushel, and *Gregory* alleged that the sale was a private one, made with the intention of injuring him and that the wheat was purchased by the plaintiffs or for their benefit; that execution had been issued on the judgment for $140.94, being the balance claimed to be due on the judgment after applying in part payment thereof the proceeds of such sale.

An affidavit of one of the plaintiffs was read in opposition to this application stating, that when the time of payment given by them to *Gregory* had expired, they were requested by him to wait still longer before selling the wheat, which they did as a mere courtesy, that the wheat was in fact sold June 28, 1861, at 58 cents per bushel, for gold, which was all it was worth at that date; sales for a higher price were then being made for Wisconsin currency, which was then at a very large

discount and that *Gregory* never claimed or pretended to the plaintiffs, to have any control over the wheat after Feb. 1, 1861. The circuit court made an order overruling the application and the defendant, *Gregory*, appealed.

*Wakeleys* & *Vilas*, for appellant, cited 1 Arch. Pr., 289; 1 Bur. Pr., 318; 2 Whit. Pr., 84; 6 Johns., 132; 2 Caines, 256; 3 Caines, 165.

*S. U. Pinney*, for the respondent, contended that if *Gregory* refused to ratify the sale, he could not obtain relief by motion in this case, but must bring an action against the plaintiffs for conversion of the pledge and in such action the plaintiffs could recoup out of the damages proved, the amount of their debt; 4 Denio, 227; *Jarvis vs. Rogers*, 15 Mass., 393; when the parties could have the benefit of a trial by jury, and that as it did not appear but that he could obtain adequate redress in that way, there being no allegation that the plaintiffs were in-solvent, the granting or refusing the application was in any event a matter of discretion, and that as the order in question did not effect a substantial right, it was not appealable. *Fairchild vs. Dean*, 13 Wis., 329; 10 How. Pr., 89; 2 Comst., 187; 5 How. Pr., 395.

*By the Court*, Dixon, C. J. The order is appealable. It is a final order affecting a substantial right, made upon a summary application in an action after judgment. Laws of 1860, chap. 264, sec. 10, subd. 2.

It is well settled in modern practice, that for facts arising after judgment, or after the time has passed before judgment in which the party can avail himself of them in the action, showing that the judgment ought not to be executed in whole or in part, relief may be given upon motion to vacate the judg-ment, to order it satisfied, or to stay proceedings, according to the circumstances of the particular case. This practice was recognized, and several authorities cited by this court, in *Spaf-ford vs. Janesville*, 15 Wis., 474. If the facts are disputed, and

the nature of the controversy be such as to require it, the court may direct an issue to determine them, and grant relief upon the motion, in accordance w'th the verdict of the jury. *Lister vs. Mundell*, 1 Bos. & Pul., 427, was an application to have a writ of *fieri facias* set aside, and the goods and money levied on under it restored to the defendant, on the ground of his having become a bankrupt subsequent to the time when the cause of action accrued, and having obtained his certificate, between the day on which the writ of *fieri facias* issued and the day on which it was executed. The court entertained the motion, saying they took it to be the modern practice to interpose in a summary way in all cases where the party would be entitled to relief on an *audita querela.* To the suggestion of counsel that the defendant was deprived of the benefit of the bankrupt act under the twelfth section, by reason of having lost more than $5 in one day by horse-racing, and also, that he had frequently promised payment after his certificate was obtained, it was replied by the court that if they entertained a summary jurisdiction in order to relieve a party from the necessity of having recourse to an *audita querela*, they must look into the circumstances of the case, and see whether there was any thing to prevent the *audita querela* from taking effect. The rule was accordingly ordered to stand over, the plaintiff to deliver a declaration, the defendant to plead his certificate, and the parties to go to trial at the ensuing assizes.

The statute makes it the duty of the attorney, or party receiving the amount, to satisfy a judgment upon payment of the same, and of the fees for acknowledgment and entry of satisfaction. R. S., chap. 132, sec. 44. Under a similar statute, (Purdon's Digest, 55,) it was recently held that courts clearly possess the power, upon summary application by motion, to order satisfaction; and in case of dispute, to direct an issue to try whether a judgment has been actually paid. *Homer & McCann vs. Honer*, 39 Pa. St. R., 126.

We perceive no difficulty in pursuing the same course in

the case at bar. The wheat was pledged to secure the payment of the judgment, with authority to the plaintiffs to sell and apply the proceeds, in case payment had not been made by a given day. If the sale was unfairly conducted, or if the plaintiffs violated any subsequent agreement, with regard to the wheat, the jury, under proper instructions, will fix the sum which should be allowed to the defendants, and the same will be accordingly deducted from the judgment.

Order reversed, and cause remanded for further proceedings according to law.