Arnet vs. The Milwaukee Mechanics' Mutual Insurance Company.

ARNET vs. THE MILWAUKEE MECHANICS' MUTUAL INSURANCE COMPANY.

*Remedy exclusive, or cumulative?—Conditionally exclusive remedy—Pleading.*

1. In a case arising under section 1, ch. 80, Private Laws of 1855, the circuit court for Milwaukee county has exclusive jurisdiction; but defendant, pleading such exclusive jurisdiction in an action against it in another court, must show that all the conditions prescribed in that section have been performed on its own part.

2. In an action in another court on a policy of defendant, the answer, pleading the exclusive jurisdiction of the Milwaukee circuit court, alleged that "the directors rejected the claim of the plaintiff," etc., but not that this was done "within thirty days after notice of the loss." *Held*, bad.

APPEAL from the Circuit Court for *Washington* County.

Action on a fire insurance policy, which is set out in the complaint. One clause declares that the policy "is made and accepted in reference to the charter and by-laws," of the defendant company, "which are to be used and resorted to in order to explain the rights and obligations of the parties" to said policy, in all cases not therein specially provided for, and are declared to be a part of the contract. The first defense of the answer sets out the first section of ch. 80, Private Laws of 1855, amending the charter of said company*; and then alleges that "plaintiff, by effecting

---

*Said section is as follows :

"In case of any loss or damage by fire, happening to any member upon property insured in and with said company, the said member shall give notice thereof in writing to the secretary of said company within twenty days from the time such loss or damage may have occurred ; and the directors of said company, upon examination and view of the testimony taken, or to be taken, in relation to such loss, may, within thirty days after notice of such loss as aforesaid, either allow the whole of such claim, or in part, or may reject the whole; and if the claimant is not satisfied with the determination of the directors of said company, for the time being, the matter may be submitted to three referees, if the parties can so agree; one of which referees shall be selected by each of the parties in interest, and the third by the referees so agreed upon; and after a hearing before the referees, selected as aforesaid, and said referees shall make and certify their determination in the matter to the secretary of said company, and to the claimant or claimants, and such determination shall be final in the matter, if submitted as aforesaid ; but in case no agreement shall be made between the parties for a reference as above mentioned, the party insured may bring an action against said company for such loss or damages, at the next or some succeeding term of the circuit court, to be holden in and for the county of Milwaukee, in the state of Wisconsin; and if, upon the trial of said action, a greater sum shall be recovered than the amount allowed by the directors of said company, such claimant shall have judgment therefor against said company, with interest thereon, after ninety days from the time such loss or damage happened, with the costs of suit by law allowed; but if no greater amount shall be recovered than the amount allowed on such claim by the directors of said company, the claimant or claimants in any such suit shall become nonsuit, and the company shall recover their costs: *Provided, however,* That judgment

such insurance, became and has since remained a member of said company;" and that the directors thereof rejected the claim of the plaintiff for loss and damage mentioned in the complaint; and that said matter was not referred to referees, and is now the subject of an action to be brought in the circuit court of Milwaukee county, and not elsewhere nor in any other court; wherefore defendant demands that the action be dismissed for want of jurisdiction. Plaintiff demurred to the answer as not stating a defense, and specifically on the ground that ch. 80, Private Laws of 1855, is unconstitutional and void. From an order sustaining the demurrer defendant appealed.

At the June term, 1867, this court affirmed the order appealed from. A rehearing was afterwards granted, and the cause re-argued on the part of the appellant.

*Smith & Salomon*, for the appellant, analyzed sec. 1, ch. 80, Priv. Laws of 1855, and argued that its plain intent was to confer upon the company an immunity from any action upon its policies except in the manner there provided. The right of the policy-holder and his remedy are born of the same act of the legislature, the amended charter, which creates at once the corporation, its liability, the membership, its rights, its duties and its remedies. But if the policy-holders had the remedies existing by law in favor of other plaintiffs, they had already a right to sue in the Mil-

---

may be entered against said company in any such suit for the amount allowed by the directors, without costs, and execution may issue for such amount at any time after ninety days from the rendition of such judgment."

Sec. 3, ch. 43, Laws of 1852 (the act by which the defendant company was originally incorporated), provides that "every person who shall at any time become interested in said company by insuring therein, and also his heirs," etc., etc., "shall be deemed and taken to be members thereof, for and during the terms specified in their respective policies, and no longer, and shall at all times be concluded and bound by the provisions of this act."

waukee circuit court, and this statute certainly conferred upon them no *new* remedy. If not *new*, it was not *cumulative*. The court must always find a meaning for an act of the legislature, when the language will possibly admit of it; and that meaning, when found, must be enforced. 4 Blackf., 148; 4 Gill & Johns., 1; 2 Mich., 138; 22 Pick., 571; 6 Ad. & El., 7; Smith's Comm., §§ 527, 575; Sedgw. on Stat. & Con. Law, 238. But if this statute does not give an exclusive remedy, it has no effect at all. " Where by statute a new right is given and a specific remedy provided, or a new power and also the means of executing it by statute, the power can be executed and the right vindicated in no other way than that prescribed by statute." Sedgw., 402; 5 Johns., 175; 7 Hill, 575; 1 Manning (Mich.), 193; 1 Blackf., 405; 32 Me., 553; 1 Met., 130, 553; 2 id., 599; 3 id., 380; 23 Pick., 36; 13 Barb., 209. Where there is a stipulation in a policy that suits thereon may be brought within a limited time, such stipulation is valid, and is a bar to an action brought after the expiration of such time. *Portage Ins. Co. v. West*, 6 Ohio St., 599; *Wilson v. Ætna Ins. Co.*, 27 Vt., 99; *Brown v. Williams Ins. Co.*, 5 R. I., 394; *N. W. Ins. Co. v. Phœnix Ins. Co.*, 31 Pa. St., 448; *Carter v. Humboldt Ins. Co.*, 12 Iowa, 287; *Stout v. City Ins. Co.*, 12 id., 371; *Gray v. Hartford Ins. Co.*, 1 Blatchf., 280; *Peoria Ins. Co. v. Whitehill*, 25 Ill., 466; *Ripley v. Ætna Ins. Co.*, 30 N. Y., 136, 143, 151, 163. A N. Y. statute relating to mutual insurance companies, passed in 1849, enacts that " suits *at law* may be prosecuted by any stockholder against such corporation for losses which may have occurred (if payment is withheld for more than two months), on all risks after such losses shall become due." This is construed as prohibiting the suit before the expiration of the two months. *Allen v. Mut. Ins. Co.*, 19 Barb., 442; *Utica Ins. Co. v. Am. Ins. Co.*, 16 id., 171. See the reasoning in *Boynton v. Mid-*

*dlesex Mut. Ins. Co.*, 4 Met., 212, 218; and see also *Indiana Mut. Ins. Co. v. Routledge*, 7 Porter, Ind., 25; *Nevins v. Rockingham F. Ins. Co.*, 5 Foster, 22, 31; *Williams v. F. Ins. Co.*, 29 Me., 465; *Bartlett v. Union Mut. Ins. Co.*, 46 id., 500; *Portage Mut. Ins. Co. v. Stukey*, 18 Ohio, 455. Counsel also referred to *Nute v. Hamilton Mut. Ins. Co.*, 6 Gray, 174, 179; *Amesbury v. Bowditch Mut. Ins. Co.*, id., 596; *Fullam v. N. Y. Ins. Co.*, 7 Gray, 61.

*Thorp, Shelley & Frisby*, for respondent:

Where a remedy is given by an affirmative statute, if one previously existed at common law or by statute, and is not prohibited by express words, it is not taken away, but the party has his election. Sedgw. on Stat. & Con. Law, 39, 40, 402, 405; Dwarris on Stat., 474; Bacon's Abr., "Statute," G; *Crittenden v. Wilson*, 5 Cow., 165; *Gooch v. Stephenson*, 13 Me., 371; *Fairchild v. Gwynne*, 14 Abb., 121; *Allen v. Ackley*, 4 How. Pr. R., 7. 2. Defendant, by a general appearance in the action, waived any supposed benefit arising under the statute in question. *Congar v. The Chi. & G. R. R. Co.*, 17 Wis., 477.

The following opinion was filed at the September term, 1867:

Dixon, C. J. A re-hearing having been granted in this case, further examination has convinced me that I was correct in my first impressions, expressed in the former opinion, upon the main question involved. I am now satisfied that of actions coming within the provisions of the first section of the act (Private Laws of 1855, chap. 80), the circuit court of Milwaukee county has exclusive jurisdiction. The authorities now cited, but not before brought to the attention of the court, seem fully decisive of the question. They are quite numerous, and directly appli-

cable to the point under consideration. They show that, instead of the remedy in the circuit court of Milwaukee county being cumulative, it is exclusive, according to the maxim, that when the law has provided a remedy in a new case, the party seeking redress is confined to that specific remedy, and has no general remedy at common law. The authorities cited are as follows: *Boynton v. Middlesex Mut. Ins. Co.*, 4 Met., 212; *Indiana Mut. Ins. Co. v. Routledge*, 7 Porter (Ind.), 25; *Williams v. Fire Ins. Co.*, 29 Maine, 465; *Bartlett v. Union M. F. Ins. Co.*, 46 id., 500; *Portage Mut. Ins. Co. v. Stukey*, 18 Ohio, 455; *Nevins v. Rockingham Fire Ins. Co.*, 5 Foster (N. H.), 22; and *Portage Mut. Ins. Co. v. West*, 6 Ohio St., 599.

But while these authorities show that such is the rule by which the act is to be construed, they furthermore show that for the company to be within the immunity or privilege conferred, it must appear that all the conditions of the act upon which the specific remedy is made to depend, have been strictly performed on the part of the company. If anything has been omitted, which, by the charter, the company is required to do in order to make the special remedy applicable, then the other party is remitted to the general law for a remedy as in other actions for breach of contract. Now one of the conditions of this act, upon which the party insured is required to bring his action in the circuit court of Milwaukee county, is that the directors of the company, within thirty days after notice of the loss, upon examination and view of the testimony taken, or to be taken, either allow such claim in whole or in part, or reject the whole. The complaint avers that due notice of the loss was given to the company, The answer, or first defense, which is all that is contained in the printed case, does not controvert this averment, but proceeds to set out the first section of the act under consideration, and then,

among other things, avers "that the directors rejected the claim of the plaintiff for loss and damage mentioned in the complaint." The relief demanded is, that the action be dismissed for want of jurisdiction in the court to try and determine the same. The answer is defective in this, that it does not allege that the directors rejected the claim *within thirty days after notice of the loss;* for unless they did so, the jurisdiction of the circuit court of Milwaukee county is not, by the terms of the act, exclusive, and the action may be brought in any other court of competent jurisdiction. The answer, being in the nature of a plea to the jurisdiction, is to be strictly construed, and no presumptions can be indulged in aid of a defective averment. We cannot presume that the directors "rejected the claim" within thirty days after notice of the loss; and if they rejected it after that time had expired, then the jurisdiction of the circuit court of Washington county was complete. On this ground, therefore, I am still of opinion that the order sustaining the demurrer was correct, and that it should be affirmed.

*By the Court.*—Order affirmed.