Smith vs. Lockwood.

---

## SMITH VS. LOCKWOOD.

JUSTICE'S COURT: SURETY FOR COSTS. (1) *Statutes requiring surety remedial, and to be liberally construed.* (2) *Surety liable for costs in circuit court.* (3) *Execution against surety not confined to justice's court.* (4) *Specific remedy for new right, exclusive.* (5) *Separate action against surety for costs not maintainable.*

1. While the liability of a surety is *strictissimi juris*, it is also true that statutes requiring security to be given for costs are *remedial* in their nature, and should be *liberally construed* to effect their object.

Smith vs. Lockwood.

2. One who becomes *security for costs* for the plaintiff in an action commenced before a justice of the peace (R. S., ch. 120, secs. 12, 13), is liable, not only for the costs in justice's court, but also for those adjudged against the plaintiff on appeal and trial *de novo* in the *circuit court.*

3. The remedy by *issue of execution against the surety* is not confined to the justice's court, but may be resorted to in any court where judgment for costs is rendered against the plaintiff, for which the surety is liable.

4. It is a general rule, that where a *new right* is given, and a *specific remedy* provided by the same statute, such remedy is *exclusive.*

5. The right to costs, even as against the principal, and the right to security, are statutory; and the same statute which gives the right to security in this case, gives an adequate remedy by *execution against the surety in the same action;* and therefore (in general) a *separate action* against him for the costs *cannot be maintained.*

6. Other considerations supporting the foregoing conclusion stated *per* DIXON, C. J.

APPEAL from the Circuit Court for *Dodge* County.

The defendant *Lockwood* became surety for costs in an action instituted in a justice's court by one Bruch against *Smith,* the plaintiff in this action. Bruch recovered judgment against *Smith,* from which the latter appealed to the circuit court, where the judgment was reversed, and judgment was rendered in favor of *Smith* and against Bruch for $104.97, costs of defendant as taxed. Execution was issued against Bruch, and returned unsatisfied. *Smith* then notified *Lockwood* of all the previous proceedings, and demanded payment of the judgment, which was refused. *Smith* then began this action in justice's court to recover of *Lockwood* the amount of said judgment; and on appeal to the circuit court, plaintiff had judgment for the amount of his original judgment, with interest and costs; from which defendant appealed.

*A. Scott Sloan,* for appellant, argued that the statute requiring surety for costs in actions before a justice of the peace (Tay. Stats., ch. 120, § 15), and authorizing execution against both principal and surety, applies only to costs in the justice's court,

and does not extend to costs of the appellate court. The con tract of the surety is to be strictly construed. When the case is appealed, the appellate tribunal has power to require security and fully protect defendant as to costs. Tay. Stats., ch. 133, § 102. 2. The concluding clause of § 15 above cited provides a remedy by execution against the surety for the costs, and the evident intention of the legislature was to confine plaintiff to that remedy. Where a new right is given, and an adequate remedy, the party is confined to that remedy. 3 N. Y., 9; 13 Barb., 209; 3 Hill, 38. It follows, therefore, that no action can be maintained upon the instrument against the surety.

*H. W. Lander* and *E. P. Smith, contra*, contended that the security given in the justice's court followed the fortunes of the action in all courts, and that the surety's liability was not limited by the event of the action before the justice. See *Traver v. Nichols*, 7 Wend., 434. The appeal was but a continuation of the same action. *Traver v Nichols, supra.* See also *Ex parte Thomas*, 8 Cow., 110; *Bennet v. Rathbun*, 17 Johns., 37. The surety's undertaking is absolute, and is in no manner qualified by the language of the statute, that "execution for costs may issue against plaintiff and surety." The word "may," as used in the statute, is permissive; and as the question involves no public right or concern, the word is not to be construed as imperative. *Cutler v. Howard*, 9 Wis., 309. The obligation of the surety need not be considered as a statutory one, but may be treated as a voluntary obligation, independent of the statute. *Lewis v. Stout*, 22 Wis., 234, and cases cited. The obligation being a voluntary one on the part of the surety, and one which would have been binding at common law, and the statutory method for its enforcement not being attended with any negative, express or implied, it follows that the common law right must remain. And the contract being entire in itself, and good during the life of the action, the party interested in its enforcement has his common law remedy in all the courts. *Crittenden v. Wilson*, 5 Cow., 165.

Dixon, C. J.   The leading question in this case is as to the extent of the liability incurred by the person becoming security for costs for the plaintiff in an action commenced before a justice of the peace.   Is such person liable for the costs adjudged against the plaintiff on appeal from the judgment of the justice and trial *de novo* in the circuit court?   The court below ruled that he was, and the point here is, whether such ruling was correct.   The statute upon which the question arises, is sections 12 and 13, ch. 120, R. S. (2 Tay. Stats., 1355, §§ 14, 15), and reads as follows:

"Any justice of the peace in this state shall, in all civil actions hereafter instituted, either before or after the process shall issue, require the plaintiff in such action, if a nonresident of the county, to give security for the costs, and may, at his discretion, require a like security of all other plaintiffs; and if the plaintiff refuse or neglect to give such security, the action shall be dismissed.

"The person becoming security as aforesaid shall sign the following memorandum in the docket: 'I, A. B., agree to become security for costs in this cause;' and if judgment be rendered in such action against the plaintiff, execution for costs may issue against the plaintiff and security."

*Traver v. Nichols*, 7 Wend., 434, presented a very similar question.   It was there held that the security given by a nonresident plaintiff, on obtaining a warrant from a justice of the peace, extended to the final determination of the cause, when carried up by appeal to the court of common pleas; so that the surety was liable for the costs of the appeal, if adjudged against the plaintiff.   The statute there required the nonresident plaintiff to tender to the justice "security for the payment of any sum which might be adjudged against him."   The court remarked that there was nothing in the statute which restricted the security to the costs before the justice, but that it extended in terms to any sum which might be adjudged against the nonresident plaintiff in the cause.   The court also observed that it

Smith vs. Lockwood.

was "the same cause, although carried by appeal to the court of common pleas," — "that the appeal was but the continuation of the suit before the justice, and not the commencement of a new suit."

*Dunn v. Sutliff*, 1 Manning (Mich.) R., 24, is a decision more nearly in point. The liability of the surety for costs, in a justice's court, in case of appeal, for the costs in the appellate court, was there affirmed upon a statute, the language of which, as given in the opinion, was as follows: "Any justice of the peace may in all actions, either before or after issuing of process, require, at his discretion, security of the plaintiff for costs; and the person giving such security shall sign a memorandum in writing to that effect, which the justice shall keep as a part of the record in the case; and in all cases nonresident plaintiffs shall give such security before process shall issue." The judge delivering the opinion of the court said: "It seems to me quite clear, that the security contemplated by this section embraces all costs which the defendant may recover, either before the justice or on appeal to the circuit. The statute does not limit the responsibility of the surety to costs which may be recovered in the justice's court; and we see no reason for restricting the general language in which the statute is couched. The surety, when he contracts the obligation contemplated by the statute, is fully advised that the judgment of the justice is not conclusive of the rights of the parties, and that the cause may be reviewed upon appeal. The appeal, under our statute, takes up to the appellate court the same cause, and is a rehearing of the cause upon the merits; it is in the nature of a new trial, and the same reasons which require security for costs in the justice's court, apply with equal force to the costs recoverable at the circuit, upon a rehearing."

The reasoning of the foregoing decisions is equally applicable under our statute, or as our statute would have been if the concluding words, "and if judgment be rendered in such action against the plaintiff, execution may issue against the

plaintiff and security," had been omitted. Counsel for the plaintiff look upon this provision as furnishing a remedy against the surety only in the justice's court, and, regarding it in that light, we must confess we should find it extremely difficult to extend the liability beyond the costs of that court. Such construction, if it be the true one, constitutes strong ground for saying that the legislature intended to limit the liability of the security to costs recovered in the justice's court. But we are satisfied such is not the true construction. The language of this clause is quite as general as any which precedes it in the statute. There is nothing to restrict it to a judgment rendered by the justice in the action; and so long as the appeal is but a continuation of the same action or cause, why is not this remedy given in the appellate court as well as before the justice? The agreement of the surety entered on the docket, or legal and competent evidence of it, goes with the record into whatever court the cause is carried by appeal. In practice, a duly certified transcript of the justice's docket, containing the memorandum signed by the surety, invariably forms part of the return to the appeal, and the memorandum is therefore a part of the record, so that the existence of the agreement or fact of suretyship appears and is as certainly known in the appellate court as before the justice. In view of the language of the authorities above quoted, and of what we conceive to be a correct interpretation of the statute, we must hold that the remedy by issue of execution against the security is not confined to the justice's court, but that it is commensurate with the obligation incurred by the surety, and runs with it, and may be resorted to in any court where judgment for costs is rendered against the plaintiff, for which the surety is liable. This construction satisfies the language of the statute, which is broad and unrestricted, and is, as we have seen, in harmony with the adjudications which have been cited, as well as all others we have found bearing upon the subject.

To one consulting the decisions in this class of cases, it may

possibly, at first sight, seem somewhat surprising that no reference is made in them to the familiar doctrine that the obligation of a surety is *strictissimi juris*, and that nothing is to be taken against him by inference or intendment. A consideration of this doctrine might be supposed to have led to a strict construction of the statute in favor of the surety, and, in some cases at least, to a different conclusion respecting his liability. This point is explained, no doubt, by reason of the presence and operation of another rule or principle, which countervails that just alluded to, and which is, that statutes of the kind, requiring security to be given for costs, being remedial in their nature, are to be liberally construed to effectuate that object. This rule we believe to be well settled. In *Cox v. Hunt*, 1 Blackf., 146, the court say: "The act requiring nonresidents to give security for costs deserves a liberal construction. Its object is to secure the expenses of litigation to all persons concerned, whenever a suit is improperly commenced and prosecuted by a person beyond the jurisdiction of the court." The same principle of just and liberal construction extends to all agreements and undertakings authorized or required in the course of legal controversy before the courts, and is fully established by the decisions of this court in *Vandyke v. Weil*, 18 Wis., 277, and *Sutro v. Bigelow*, 31 id., 527.

It being determined that the plaintiff might have issued execution out of the circuit court against the defendant to collect the costs adjudged in his favor in that court, the next question arising is, whether he may also maintain this action on the agreement, to recover them. Counsel for the defendant insists that the remedy by execution is exclusive, relying upon the principle that where a new right has been given and a specific remedy provided by statute, the right can be vindicated in no other way than that prescribed by the statute. The principle is well known, and has been recognized and enforced by this court in two cases at least, and perhaps more. *Arnet v. Insurance Co.*, 22 Wis., 516; *Hall v. Hinckley*, 32 id., 362. In many

of - the authorities the rule is more broadly defined, and it is said, that where a new right or the means of acquiring it has been created by statute, and the same statute has also prescribed an adequate remedy for the enjoyment of the right or enforcing it, he who claims the right must pursue the statute remedy. We are clearly inclined to the opinion that the rule is applicable and must govern in this instance, and in all cases where it appears that the remedy by execution is adequate. The right to costs in every case, even as against the parties to the action, is purely statutory. It is in no sense a common law right, or one for which the common law ever afforded a remedy. As against a party to the action, costs can be recovered only in the manner prescribed by the statute, that is, by taxation before the proper officer in the suit. No separate action by the party entitled can be maintained for them. And as the right to costs is purely statutory, so also is the right to ask or demand security for them. It would have no existence but for the statute authorizing it; and when such statute has given a specific remedy for enforcing the right itself has created, or which it has created the means of acquiring, the case seems to fall precisely within the principle of construction we are now considering. It is impossible in such case to say that the remedy is cumulative, because there was no remedy at common law to which it could have been additional. With no pre-existing common law right or remedy. and none existing by statute before both were created by one and the same enactment, the application of the rule seems very plain. If there had been a previous statute declaring the right but not giving the remedy, in which case the common law would have furnished one, and then a new statute giving the same right and also a remedy, the remedy so given might have been held cumulative, according to the rule held in *Goodrich v. Milwaukee*, 24 Wis., 422, 437. But ·this is not such a case, but one where the right and the remedy originate in the same act; and the signing of the memorandum on the docket is merely the means prescribed by the statute for ac-

quiring the right, for the enforcement of which the legislature proceed in the same breath to declare the remedy. It would not be easy for this court to distinguish this case from *Hall v. Hinckley* or *Arnet v. The Insurance Co.*, and we think it best that the necessity be shunned.

And there are several other considerations which seem to us to favor this view and show such to have been the legislative intent. The power to require security for costs, so far as all resident plaintiffs are concerned, is vested in the sound discretion of the justice. It is not a power which the defendant in the action can ask or demand to have exercised as a matter of right, but one which the statute seems to contemplate shall be exercised by the magistrate on his own mere motion. It is not one in the exercise of which the defendant is supposed to have any peculiar or exclusive interest, but is conferred upon the justice to be used in his discretion, in the language of one of the authorities above cited, " to secure the expenses of litigation to all persons concerned." It is designed for the protection of the justice, and to secure his fees and the fees of constables and sheriffs or other officers of court, quite as much, and, one would almost think, even more than the fees, disbursements and expenses of the defendant and his witnesses. This object of the statute, or at least one of the objects of it, of security to the officers of court, both below and above, the process of execution given by the statute is peculiarly adapted to attain ; and it would in some cases, we know not how many, be in danger of entire defeat, if any other course were pursued. If an irresponsible defendant may sue for, recover and appropriate to his own use the judgment for costs, the protection intended by the statute for the magistrate and officers of court will sometimes be wholly lost. On the other hand, the remedy given by the statute avoids any such contingency by securing the payment of the costs and fees to the persons entitled to them, according to the intention of the legislature. The moneys collected on the execution are brought into court, and there distributed to the

persons who should receive them, and for whose benefit, as well as that of the defendant in the action, the indemnity required by the statute was given.

Again, the form of the memorandum, as prescribed by the statute, tends strongly to show that the remedy given by it was intended by the legislature to be exclusive. As observed by the supreme court of Missouri of a similar instrument, it "strikes the legal mind as anomalous in omitting to name an object." *Davis v. Farmer*, 28 Mo., 54. It is true that the court in that case held that the defendant in whose favor judgment for costs was rendered, might maintain his action ; but it was at the same time remarked that the practice of entering judgment in the first instance against the surety was that which " ought to be universally adopted." It is unnecessary for us to say that in no case should the action be sustained ; for there may be exceptional cases where the remedy by execution will prove unavailing, and what the rights of the successful defendant there would be, must be determined when the question arises. But the form of the agreement, it being general, " to become security for costs in this cause," and not being a promise to pay them to the defendant in the action or to any particular person, certainly favors the views above expressed respecting the exclusiveness of the remedy given by the statute in all ordinary cases arising under it.

And again, if we consider the advantage of the person becoming security, we shall find it promoted by the construction here given, and which we think the legislature intended. He is not usually present in court, and does not know or obtain immediate information of the fate of the litigation in which he has united his fortunes with those of the plaintiff in the action. No provision is made by law for notifying him or making a demand of payment, and, if the action be maintainable, his first knowledge may come through the service of process, which at the same time will inform him that he has the costs of two actions to pay, instead of one, as was supposed when he entered

into the agreement. And this would be his loss, without, so far as can at present be seen, any corresponding gain or compensation arising from any source.

But another and the strongest consideration in support of our conclusion grows óut of the nature of the remedy the statute has prescribed. It is the most efficient, summary, and inexpensive which the legislature could devise; and after having given the party such a remedy, it cannot be supposed the legislature intended he should resort to any other, especially if it appeared that it was or might be in the smallest degree injurious or detrimental to the person against whom the statute remedy was given. Execution is the end and fruit of the law, and the giving of it under such circumstances against a party voluntarily connecting himself with a judicial proceeding, has been held constitutional and valid. *Pratt v. Donovan*, 10 Wis., 378; *Morse v. Home Ins. Co.*, 30 id., 496, 501, and authorities cited. With such valid and efficient remedy in his hands, the creditor can not complain that he is confined to it, and, if at the same time no injustice is done to the debtor, or the way is open for him to redress any wrongs which he may receive, every reason exists for adhering to the remedy given by the statute. For all irregularities in the action the surety is represented by his principal, and is bound by the judgment. If there be want of jurisdiction in the court rendering the judgment for costs, or fraud, or collusion between the plaintiff and defendant in the action respecting the judgment or the costs taxed and allowed in it, or any mistake by which the surety suffers wrong or injustice, he may have his day in court and means of redress by suit in equity for perpetual injunction, or injunction and readjustment, according to circumstances; and in some cases also, perhaps, by stay of proceedings, and upon motion in the action and before the court in which the judgment was pronounced. See *Cooley v. Gregory*, 16 Wis., 303; *McDonald v. Falvey*, 18 id., 571; *Amory v. Amory*, 26 id., 152; *Sayles v. Davis*, 20 id., 302; *Wadsworth v.*

*Willard*, 22 id., 238; *Wyman v. Buckstaff*, 24 id., 477; *Wendel v. Durbin*, 26 id., 391.

Entertaining these views of the law, it follows as of course that the judgment appealed from must be reversed, and the cause remanded with directions that it be dismissed.

*By the Court.* — It is so ordered.