No. 11,643.

HENDRICKS ET AL. *v.* CARSON ET AL.

COSTS.—*Bond for.—Non-Resident.—Statute Construed.*—The bond to secure costs required of a non-resident plaintiff by R. S. 1881, section 589, covers the costs on appeal to the Supreme Court.

From the Hamilton Circuit Court.

*T. J. Kane* and *T. P. Davis,* for appellants.

*D. Moss, R. R. Stephenson* and *H. A. Lee,* for appellees.

FRANKLIN, C.—Appellants sued appellees as sureties on a non-resident plaintiff's bond for security for costs filed in the circuit court. The case in which the bond was filed was tried in the circuit court, and a judgment was rendered for the plaintiff; it was appealed to the Supreme Court, where the judgment was reversed, and retried in the circuit court, and

resulted in a final judgment for the defendants, whereupon this suit was brought upon the bond for costs.

The plaintiff in this case included in his bill of particulars accompanying his complaint the costs that had accrued in the case in the Supreme Court, as well as the costs in the circuit court.

On motion of appellees, the court struck out of the bill of particulars the costs that had accrued in the Supreme Court, and that presents the question for consideration.

The 589th section, R. S. 1881, provides that " Plaintiffs who are not residents of this State, before commencing any action, shall file in the office of the clerk a written undertaking, payable to the defendant, with surety to be approved by the clerk, for the payment of all costs which may accrue in the action to the proper officer or person."

The case in the Supreme Court was the same " action " that had been commenced in the circuit court. The law gave the defendant the right to appeal the case to the Supreme Court for final determination. The proceedings in the Supreme Court were a regular part of the legal proceedings in the action, and the costs accruing thereon in the Supreme Court were a part of the costs legitimately accruing in the action, and we think that it is within the letter and spirit of the statute to hold that the bond of a non-resident plaintiff for costs, filed in the circuit court, covers the costs that accrued in the Supreme Court on an appeal of that action. Were a contrary rule of construction adopted, in such cases, there would be no means of securing the costs accruing in the Supreme Court.

We think the court below erred in striking out the costs that had accrued in the Supreme Court, for which error the judgment ought to be reversed.

PER CURIAM.—It is therefore ordered, upon the foregoing opinion, that the judgment of the court below be and it is in all things reversed, at appellees' costs.

Filed Sept. 27, 1884.