See note to this case in 39 N. W. Rep. 348.— REP.

---

STARK and another, Respondents, vs. SMALL, Appellant.

*September 3 — September 18, 1888.*

*Justices' courts: Replevin: Security for costs: " Undertaking:" Attorney at law.*

1. The memorandum on a justice's docket required by sec. 3783, R. S., to be signed by the person becoming security for costs, is not an " undertaking, bond, or recognizance," within the meaning of sec. 2590, providing that no attorney practicing in this state shall be taken as bail or security on such instruments in any action or proceeding.

2. The fact that, upon an application of the plaintiff for an adjournment in a replevin case, the justice must require him to give security not only for costs but for any damages the defendant may recover against him, does not take away the power of the justice, under sec. 3782, R. S., to require simply security for costs.

Stark and another vs. Small.

APPEAL from the County Court of *Milwaukee* County.

The following statement of the case was prepared by Mr. Justice Taylor as a part of the opinion.

The facts in this case are as follows: One Adolph Bersanski commenced an action in a justice's court against the plaintiffs and respondents, and in such action the justice required the said plaintiff to give security for costs under the provisions of sec. 3782, R. S. In pursuance of such order the defendant and appellant signed the justice's docket as surety for the costs of that action, in the manner prescribed by sec. 3783, R. S. The case was tried in justice's court, and resulted in a verdict for the plaintiff. The defendants in that action appealed to the circuit court, and the case was there again tried, and a judgment rendered in favor of the defendants, the plaintiffs in this action, and a judgment for costs was entered in favor of said defendants against the said Adolph Bersanski for the sum of $122.97, and this action is brought by the said defendants against the appellant in this action to recover the amount of such judgment for costs.

The defendant answered, first, denying that he ever signed a memorandum as security for costs in the justice's docket as required by said sec. 3783, R. S., and as a second defense he alleges that at the time it is alleged in said complaint that he signed a memorandum as security for costs in the justice's court, the defendant was a practicing attorney at law in all the courts of this state, and is still such practicing attorney, and then alleges that by virtue of the provisions of sec. 2590, R. S., he was prohibited from becoming security for costs in said action, and is not, therefore, liable to the plaintiffs for such costs.

Upon the trial it was held by the learned judge of the county court that the defendant was liable upon his signature on the justice's docket as security, notwithstanding he was at the time a practicing attorney in all the courts of the state, and was such at the time of the trial of this ac-

tion, and rendered judgment against him for the amount of the costs recovered in said action, with interest thereon. From this judgment the defendant appealed to this court.

For the appellant there was a brief signed by *Moritz Wittig*, attorney, *per David W. Small*, appellant *in pro. per.*, and the cause was argued orally by *Mr. Small.*

For the respondents the cause was submitted on the brief of *M. N. Lando.*

TAYLOR, J.   The appellant insists that the justice had no authority to demand or take security for costs in the action pending before him, nor in the form in which the same was taken.   He also insists that sec. 2590, R. S., renders his act of signing the justice's docket as security absolutely void.

The memorandum which was signed by the appellant in the justice's court was required by the justice under the authority given by sec. 3782, R. S., and was not given under sec. 3741.   Under this last section the surety becomes liable not only for the costs of the action, but also for any damages which may be recovered against the plaintiff or defendant in the action, depending upon the fact as to whether the plaintiff or defendant applies for an adjournment of the action.   The security provided for in secs. 3740 and 3741 is only to be given in replevin cases, while the security provided for in secs. 3782 and 3783 may be required in any case, and only extends to the costs which may be recovered against the plaintiff in the action.

Secs. 3782 and 3783 read as follows: "Every justice of the peace shall, in all civil actions, either before or after the process shall issue, require the plaintiff, if a nonresident of the county, to give security for costs, and may in his discretion require a like security of all other plaintiffs; and if the plaintiff refuse or neglect to give such security, when required, the action shall be dismissed."   "The person becoming security as aforesaid shall sign the following mem-

orandum on the docket: I, A. B., agree to become security for the costs in this action. And if judgment be rendered in such action against the plaintiff, execution for costs may issue against the plaintiff and the surety; or, at the option of the party entitled to such costs, he may maintain an action upon such memorandum against the security, for the recovery of the same."

Sec. 2590, R. S., reads as follows: " No attorney practicing in this state shall be taken as bail or security on any undertaking, bond, or recognizance in any action or proceeding, civil or criminal." We shall not determine the question whether this section is simply a section made for the benefit of practicing attorneys and to relieve them from the solicitations of their clients, and so may be waived by them in any case, or whether it is a matter of public policy and for the general good, and so renders the bond, undertaking, or recognizance signed by them absolutely void for all purposes; as we are of the opinion that the act of the defendant in signing the memorandum in the justice's docket, in an action pending in a justice's court, is not within the meaning of sec. 2590.

The act being one which takes away a common right of the citizen, comes within the rule which requires the courts to give it a strict construction. It will be noticed that sec. 2590 is in one of the chapters of the statute which regulates the practice in courts of record, and not in a chapter regulating the practice in justices' courts. It will not be construed, therefore, to extend to the proceedings in a justice's court, unless the language is so general and comprehensive as to clearly import that it was meant to apply to all courts. But the section is not general in its prohibition. It only forbids the taking of an attorney as bail or surety (not in any and every case), but only " on any undertaking, bond, or recognizance." We hold that the signing the memorandum in the justice's docket, as prescribed by said secs.

3782 and 3783, is not an undertaking, bond, or recognizance, within the meaning of sec. 2590. It is clearly not a bond or recognizance, within the well-known meaning of these words, and we think the word " undertaking," as used in such section, was intended to mean such instruments as are denominated " undertakings " in the statutes regulating the practice in courts of record; or, if not so limited, then it must be limited to such securities as are denominated " undertakings " in some other statute. The original statute, of which sec. 2590, R. S., is a re-enactment, was entitled '' An act in relation to undertakings and securities in certain cases." This title shows that the act was not intended to prohibit attorneys from becoming bail or security in any and every case, but only in the particular cases mentioned in the act.

There is no force in the objection made by the appellant that the justice had no authority to require security for costs. The act is very general; the language is " and may in his discretion require like security from all other plaintiffs." The justice had the power under this section to require a plaintiff in replevin as well as in any other action to give security for costs. The fact that, upon an application of the plaintiff for an adjournment in a replevin case, the justice must require him to give security not only for costs but for any damages the defendant may recover against him, does not take away the power of the justice, under sec. 3782, to require simply security for costs. The plaintiff cannot be heard to object that he should also have required security for the damages. The person signing the justice's docket as security for costs becomes liable to the defendant in the action for the costs which he may recover in the appellate court upon an appeal from a judgment rendered against him in the justice's court. *Smith v. Lockwood*, 34 Wis. 72.

*By the Court.*— The judgment of the county court is affirmed.