BREED, Administrator, and others, Appellants, vs. WEED and another, Respondents.

*December 4, 1906—January 8, 1907.*

*Appeals from county courts: Bonds: Liability of surety for costs in supreme court.*

> The surety on an undertaking given under sec. 4032, Stats. 1898 (requiring the undertaking on appeal from the county to the circuit court to be conditioned that the appellant shall diligently prosecute his appeal to effect and pay all damages and costs awarded against him on such appeal), is not liable for the costs awarded on an appeal from the circuit to the supreme court, the words "on such appeal" restricting the liability to costs and damages awarded in the circuit court.

APPEAL from orders of the circuit court for Waupaca county: CHAS. M. WEBB, Circuit Judge. *Affirmed.*

*Mary Weed,* at that time *Mary Breed,* presented a claim in county court against the estate of Catherine M. Breed. This claim was disallowed, and, in the manner provided by statute for appeals from the county to the circuit court, she perfected an appeal to the circuit court. *Mary Breed,* as principal, and *C. H. Truesdell,* as surety, gave an appeal bond providing, in the words of the statute, that *Mary Breed* would diligently prosecute her appeal to effect and pay all damages and costs which should be awarded against her on such appeal. Upon appeal she was successful and obtained judgment in her favor in the circuit court. The contestants of the claim, the plaintiffs in the present action, appealed to the supreme court, where the judgment of the circuit court was reversed and the cause remanded with directions that the judgment of the county court disallowing the entire claim be affirmed. The costs taxed in the supreme court amounted to $138.75, and the costs in the circuit court were $35.05. Execution against *Mary Breed* issued in the supreme court to collect the costs and was returned wholly unsatisfied. Re-

spondents tendered payment of the circuit court costs, but have not paid the supreme court costs. *C. H. Truesdell* refused to pay the supreme court costs, but deposited $35.05 with the clerk of the circuit court to cover the costs in circuit court. This action is brought against *Mary Breed,* now *Mary Weed,* and *C. H. Truesdell,* as surety on the bond on appeal from the county to the circuit court, to recover the supreme court and the circuit court costs, with interest. Defendants' demurrers to the complaint were sustained. This is an appeal from the orders of the circuit court sustaining the demurrers.

For the appellants the cause was submitted on the brief of *Eberlein & Eberlein,* and for the respondents on that of *E. L. & E. E. Browne.*

SIEBECKER, J. The court held that the surety on the bond given on appeal from the county to the circuit court was not liable on such bond for the costs incurred on the appeal to the supreme court, upon the ground that the terms of the statute (sec. 4032, Stats. 1898) under which it was given restrict liability on the obligation to costs and damages awarded in the circuit court. The statute provides that the undertaking on appeal to the circuit court shall be to the effect that the appellant "will diligently prosecute his appeal to effect and pay all damages and costs which may be awarded against him on such appeal."

That the appeal was diligently prosecuted is not questioned, but it is averred that the terms of the statute and undertaking make the obligors liable for costs incurred on the appeal to this court from the judgment of the circuit court. Do the terms of the statute impose such a liability, or is liability upon such an undertaking limited to indemnity for costs and damages awarded against the party in the circuit court? The phraseology of the section is free from ambiguity, and there is no uncertainty as to the object sought to be accomplished.

It is evident that the legislature intended to secure to respondent the payment of the costs and damages which might be awarded him "on such appeal." The words "on such appeal" plainly suggest that the surety's undertaking is to be restricted to the payment of costs and damages which may be awarded him in the circuit court. The context clearly indicates that it refers to the appeal provided for in the preceding section, namely, the one from the county to the circuit court, and excludes the idea of any liability for the costs incurred by a subsequent removal of the cause to this court. Another appeal bond is required on removal of the cause from the circuit court to this court. This is strongly corroborative that it was intended to limit and restrict the liability on this kind of an undertaking to the costs and damages awarded against the appellant in the circuit court.

The case of *Smith v. Lockwood,* 34 Wis. 72, cited to our attention as in principle sustaining appellants' claim, does not in fact sustain such a contention. That was a case against a party as surety for plaintiff in a justice's court action to enforce payment of the costs recovered by the defendant against the plaintiff on a trial *de novo* on appeal to the circuit court. In that case the undertaking was given under a statute which provided that the obligor became "security for costs in this cause." It was held that the costs against plaintiff upon the trial of the appeal to the circuit court were costs in the case within the language and terms of the statute, because the proceedings in the circuit court were a continuation of the same case within the terms of the security given in the justice's court. Such is not the situation here presented under the statute. This statute was so framed as to restrict the obligation of the surety to the payment of the costs and damages awarded against his principal in the circuit court on appeal from the county court. The circuit court ruled correctly in sustaining the demurrers to the complaint.

*By the Court.*—The orders appealed from are affirmed.