### EFFIE GRIMES v. POLLY ANDREWS.

(Filed 19 April, 1916.)

**Appeal and Error—Costs—Defense Bond—Ejectment—Statutes.**

> The defense bond and the sureties thereon, in an action of ejectment, Revisal, sec. 453, are liable to the amount of the bond for the costs in the Supreme Court on appeal as well as those incurred in the Superior Court.

MOTION in this cause in the Supreme Court by plaintiff for judgment against Harry Skinner and J. F. Pollard, sureties on defense bond in action of ejectment under Revisal, sec. 453, for the costs of the Supreme Court.

*Julius Brown for plaintiff.*
*Harry Skinner, Albion Dunn, L. G. Cooper for defendant.*

BROWN, J. The condition of the defense bond in an action for the recovery of real property is "that the defendant pay to the plaintiff *all such costs* and damages as the plaintiff may recover in the action," etc. The statute requires defendant to give such bond as a condition precedent to filing an answer.

It is not questioned that the bond secures the costs of the Superior Court. We are unable to comprehend why it does not cover costs of the Supreme Court as well. The language of the statute is plain, unequivocal, comprehensive, and covers *all costs* the plaintiff may recover. There seems to be no room for construction. If the Legislature had meant otherwise, it would have said so. We think the point is settled adversely to the respondents by the decision in *Kenney v. R. R.,* 166 N. C., 566, in a well considered opinion by *Mr. Justice Walker.*

A similar ruling is made by the Supreme Court of Mississippi upon a statute like ours. *Martin v. Kelly,* 59 Miss., 664, in which the Court says: "The surety is not only liable for the costs of the court below, but of this Court, also."

In Tennessee the Supreme Court held that upon a bond "conditioned to pay *all costs* and damages," the sureties are liable for the costs of the appellate Court as well as those of the court below. *Bowman v. Harman,* 35 S. W., 1020.

To same effect is *Hendricks v. Carson,* 97 Ind., 246, wherein it is held that a bond of a nonresident given in the Circuit Court to secure all costs covers costs of appellate Court. In that case the Court well says: "The case in the Supreme Court was the same 'action' that had been commenced in the Circuit Court. The law gave the defendant the right to appeal the case to the Supreme Court for final determination. The proceedings in the Supreme Court were a regular part of the legal proceedings in the action, and the costs accruing thereon in the Supreme Court were a part of the costs legitimately accruing in the action, and we think that it is within the letter and spirit of the statute to hold that the bond of a nonresident plaintiff for costs, filed in the Circuit Court, covers the costs that accrued in the Supreme Court on an appeal of that action. Were a contrary rule of construction adopted, in such cases there would be no means of securing the costs accruing in the Supreme Court." See, also, *Smith v. Lockwood,* 34 Wis., 72; *Traver v. Nichols,* 7 Wend., 434; *Dunn v. Sutliff,* 1 Mich., 24.

The respondent sureties are liable for the penalty of the bond only, $200, to be discharged upon payment of the costs of this Court as well as those recovered in Superior Court.

Let judgment be entered accordingly.