FRANK K. BORDEN ET ALS. v. CAROLINA POWER AND LIGHT COMPANY.

(Filed 19 September, 1917.)

1. **Appeal and Error—Objections and Exceptions—Briefs.**

   Exceptions not mentioned in the appellant's brief are deemed abandoned. Rule 34.

2. **Appeal and Error—Objections and Exceptions—Unanswered Questions.**

   Reversible error cannot be presented on appeal by exceptions to unanswered questions not showing the nature or character of the evidence sought to be elicited from the witness.

3. **Appeal and Error — Improper Argument — Corrections—Objections and Exceptions—Assignments of Error.**

   Exceptions should be made at the time to improper statements made by counsel to the jury in the argument before them not supported by evidence; and where objection is thus made and the judge corrects them, the error is cured.

4. **Water and Watercourses—Ponding Water—Measure of Damages.**

   The measure of damages to the owner of lands for wrongfully ponding water upon them are the damages present, past, and prospective, being the difference between the value of the lands before and after the act causing the injury complained of, and taking into consideration evidence of the uses to which it might have been applied and those for which it was adopted or used.

5. **Same—Ditching—Trials—Instructions—Conflict—Harmless Error.**

   One who has been damaged by the wrongful ponding of water upon his lands is not required to lessen the damages thereby caused by cutting drainage ditches thereon; and where the court has instructed the jury cor-

rectly thereon, but adds that the plaintiff is ousted of the right to recover damages for loss or depreciation because of failure to so ditch the land, unless such ditching was useless by reason of the water backing on it, the conflict, if any, in the instruction was not to defendant's prejudice.

APPEAL by defendant from *Stacy, J.,* at January Special Term, 1917, of LEE.

*Williams & Williams and H. A. London & Son for plaintiffs.*
*R. H. Hayes and Seawell & Milliken for defendant.*

CLARK, C. J. This is an action to recover damages by reason of the defendant's dam at Buckhorn backing water upon the plaintiff's land. The plaintiffs contend that their lands have been thus damaged, while the defendant contends that whatever damage, if any, the plaintiffs sustained was not due to defendant's dam, but to natural causes and the negligence of the plaintiffs.

The plaintiffs' land lies upon Cape Fear River six or seven miles above defendant's dam. It has been subject to overflow from time immemorial. It is admitted that the greatest overflow which has occurred in the memory of men now living was in the memorable freshet of August, 1908, when the defendant's dam was broken; and the plaintiffs contend that when it was rebuilt after said freshet, it had been raised and caused the water in the river to rise several feet higher than before, causing backwater to overflow and sob the lands of the plaintiffs. This was a disputed issue of fact, upon which there was a great deal of evidence, and the jury have found in favor of the plaintiffs.

Exceptions 1 and 4 are not mentioned in defendant's brief, and are therefore abandoned. Rule 34 of this Court.

Exceptions 2 and 3, to the admission of testimony, cannot be sustained for the reason, if for no other, that there was no answer made to either question, and, so far as the record shows, the evidence to which the defendant objected did not get to the jury.

Exception 5 is because, during the argument of plaintiffs' counsel, he made a statement of a matter of fact as to which there was no evidence, but the counsel for the defendant interrupted, calling to the court's attention that there was no evidence on the point. Thereupon the judge at once stated to the jury that there was no evidence to that effect, when counsel for the plaintiff said that he was not arguing that there was evidence, for there was none, but only that there might have been such an occurrence. There was nothing further said or done, and no exception was taken. The assignment of error in the case on appeal cannot cure the failure to except at the time. *Harrison v. Dill,* 169 N. C., 544; *S. v. Tyson,* 133 N. C., 699; *S. v. Davenport,* 156 N. C., 611. Besides,

the statement of plaintiffs' counsel of matter not in evidence was promptly corrected by the judge.

Exceptions 6, 7, 8, and 10 are to parts of the judge's charge which are, in effect, substantially the same as to the charge made by the judge in Power Corp. against this defendant, 168 N. C., 219, which the Court held did not require discussion.

Exception 6 was because the court charged the jury: "If you find from the greater weight of the evidence that the plaintiffs' property was wrongfully damaged by the ponding of water by the defendants' dam, the measure of the damages is the difference in the value of the same before and after the injury complained of."

Exception 7 is because the court charged the jury: "The proper inquiry is, What was its market value before the alleged injury? in view of any uses to which it might have been applied and the uses to which it was adapted and the uses for which it was used, and you should then say, after making that inquiry, what its present value is, and the difference will be your answer to the fourth issue."

Exception 8 is because the judge charged: "If the jury shall find from the greater weight of the evidence that the plaintiffs' property has been damaged by the ponding of the water by the defendant's dam, the measure of damages is the difference in the value of the same before and after the injury complained of."

Exception 10 is because the court charged: "On the fourth issue, gentlemen, the court instructs you that if the plaintiffs are entitled to recover, they can recover permanent damages to their lands, past, present, and prospective, caused by the wrongful ponding back of the water upon their lands or damaging their lands, and the measure of damages would be the difference between the value of said lands before such wrongful ponding of water and the value thereof after such ponding."

These instructions were correct. *Brown v. Power Co.,* 140 N. C., 342-345; *R. R. v. Mfg. Co.,* 169 N. C., 156. If there has been a general enhancement in the value of lands due to extrinsic causes, it is the plaintiffs, not the defendant, who can complain of these instructions.

Exception 9 is because the court charged the jury: "If you find from the greater weight of the evidence, the burden being upon the plaintiff, that the water in Cape Fear River was wrongfully ponded back, upon, or in any way damaged the plaintiffs' lands, the court instructs you that the plaintiffs were not under any legal duty to drain such lands to avert or mitigate damages thereto."

This charge is correct. *Roberts v. Baldwin,* 155 N. C., 281; *Waters v. Kear,* 168 N. C., 246; *Barcliff v. R. R., ib.,* 270; *Cardwell v. R. R.,* 171 N. C., 367.

In the latter case the Court said that the defendant could not rely upon the defense that the plaintiff should have reduced his damages by cutting drainage ditches, for the injured proprietor is not required to incur such expense in order to avoid damages when the defendant has wrongfully diverted the surface water from its natural flow to his damage. In this case the court went farther than the defendant was entitled to by immediately adding that the jury "should not award the plaintiffs any damages in this case for the loss or depreciation in their property by reason of their failure to ditch their land, unless their failure to properly ditch it was rendered useless or unnecessary by reason of the water backing on it from Cape Fear River as the result of the raising of the dam by the defendant." And further, that "This defendant is not to be taxed with any loss by reason of the plaintiffs' failure to properly cultivate his lands, but only for backing water upon it; and if the plaintiffs failed to ditch their land when it could have been done, then this defendant is not to be charged with their neglect or failure." If there is any conflict in these instructions, the defendant cannot complain, because in neither instruction was there any error of which the defendant could complain.

We cannot pass without notice that this action, began in 1909, has just reached this Court. Such delay of justice should not occur.

No error.