# THE COLORADO LAW REPORTER.

Vol. III.]          Denver, February, 1883.          [No. 6.

## HECKLING, EX'RX, v. ALLEN.

*(U. S. Circuit Court, District of Colorado, December Term, 1882.—Motion to vacate judgment after the term.)*

1. Judgment—Power of Court over, after Term.  Suit was brought in Colorado on a judgment rendered by the Superior Court of Cook county, Illinois, and judgment was rendered here.  Subsequently the Illinois judgment, the case being removed by writ of error to the Appellate Court of that State, was reversed.  Defendant sets up these facts in a petition, and moves that the judgment be vacated: *Held*, that such proceeding is allowable.

2. Same—Circumstances Arising After Judgment.  While it is the general rule that, as to all matters that were in issue, or which might have been contested at the time judgment was rendered, the Court has no power to vacate judgment after the expiration of the term at which it was rendered; yet as to matters arising after the judgment, or before the judgment but too late to be presented as a defense, the rule is different.  Relief in such case may be had by motion to vacate or otherwise, as the circumstances may require.

3. The Issue Growing out of the Subsequent Facts must be Tried.  In this case the judgment of the Superior Court having been reversed and the case remanded for re-trial there, proceedings in this Court will be stayed until final action by the Courts of Illinois, when proper steps can be taken to afford relief, either by a review of this motion, or by proceeding in equity, or otherwise, as the circumstances may require.

Hallett, J.

This suit was brought March 2d, 1880, in the District Court of Lake county, on a judgment recovered in the Superior Court of Cook county, Illinois, February 14, 1880, for the sum of $11,540.  A writ of attachment was issued and levied on certain property which was claimed by third parties under a mortgage from Allen.  No defense to the action was made except by demurrer to the complaint and motion to dissolve the attachment, and the cause having been removed into this

32

Court September 13, 1880, judgment was entered here October 30, 1880, in favor of plaintiff's testator and against defendant Allen for $12,059.30.

At this term defendant has filed a petition setting up the proceedings in this Court and alleging that in November, 1881, he caused the judgment of the said Superior Court of Cook county, Illinois, to be removed into the Appellate Court of the First District of Illinois by writ of error, and that such proceedings were had in the said Appellate Court, that on the 26th day of October last past the judgment of the said Superior Court was reversed, and the cause remanded for further proceedings. That on the 30th day of October, 1882, plaintiff moved the said Appellate Court to strike out the order remanding the said cause to the said Superior Court, and to allow an appeal from the judgment of the said Appellate Court to the Supreme Court of Illinois, which motion was denied. Wherefore defendant asks that the judgment of this Court entered on the 30th day of October, 1880, and all proceeding thereunder in the sale of certain property, real and personal, be set aside and for naught held.

The substance of the matter is, that since the judgment of this Court was entered, the judgment of the Superior Court of Cook county, Illinois, on which the same was based, has been reversed, and no authority remains in any tribunal to reinstate it. Therefore the judgment of this Court and all proceedings thereunder should be vacated and set aside. The facts set out in the petition are sufficiently established by a transcript of the proceedings in the Appellate Court of Illinois, and they are not controverted by plaintiff. But it is contended that after the term in which judgment was rendered the Court has no jurisdiction of the case to vacate the judgment or make any order affecting it. Unquestionably the general rule as to all matters which were in issue or which might have been contested in the cause at the time judgment was rendered, is as stated. *Bank of U. S.* v. *Moss,* 6 How., 31; *Cook* v. *Wood,* 24 Ills., 295; *Spafford* v. *Janesville,* 15 Wis., 474.

The rule was enforced in this Court in a case in which, after the term in which judgment was entered, the parties agreed to

vacate it, but failed to carry out the agreement within the time limited by them. *Newman* v. *Newton,* 3 Colo. Law Rep., 193.

But as to matters arising after judgment or before judgment and too late to be presented as a defense in the action, the rule appears to be different:

As that the defendant was discharged under an insolvent act on the day judgment was entered. *Baker* v. *Judges of Ulster,* 4 Johns, 191.

That the defendant became bankrupt after the cause of action accrued, and obtained a certificate after judgment. *Lister* v. *Mundell,* 1 Bos. and Pul., 428.

That an agreement relating to the manner of paying the judgment has been made. *Cooley* v. *Gregory,* 16 Wis., 322.

That an act forbidden by injunction has become lawful since the decree was entered. *Pennsylvania* v. *Wheeling Bridge Co.,* 18 How., 421; *Wetmore* v. *Law,* 34 Barb., 515.

" When the case is such that the defendant ought to have relief, his remedy is a direct proceeding to get rid of the judgment, either by setting it aside or obtaining an order for a perpetual stay of proceedings. This relief is granted in a summary way, on motion, by the Court in which the judgment was rendered, and upon such terms as the justice and equity of the case may require. If the judgment was irregularly entered it will be set aside, and the defendant allowed to plead his defense. In cases where he has had no opportunity to plead, as where the original debt or demand was satisfied, released or discharged between the verdict and the judgment, the judgment will either be set aside or a perpetual stay of proceedings will be ordered, as the circumstances of the case may require; and where some matter arises after the judgment which should preclude the plaintiff from having execution, a perpetual stay of proceedings or an acknowledgment of satisfaction will be ordered. Formerly the remedy in such cases was by writ of *audita querela,* but the Courts began about two centuries ago to give a more cheap, expeditious and equally efficient remedy by motion, and the writ of *audita querela* has everywhere fallen into disuse." Bronson, C. J., in *Clark* v. *Rowling,* 3 Comstock, 226.

The case at bar appears to be within the exception thus stated to the general rule, that after the term in which a judgment may be entered, no order affecting it can be made in the same cause. At the time judgment was entered in this Court

the judgment of the Superior Court of Cook county, Illinois, was in full force, and defendant had no means of resisting it except by writ of error from the proper Appellate Court, and that course was pursued. It is a matter arising after judgment which would have been an effectual bar to the action if it had occurred during the pendency of the suit. Obviously defendant is entitled to relief in some form of proceeding, and a motion will answer the purpose as well as any other.

It is conceded that the ultimate facts on which defendant's liability depends must be examined. It is not enough that the judgment of the Superior Court of Cook county, Illinois, has been reversed, but we must in some way ascertain whether defendant is liable to plaintiff in the sum for which judgment has been given against him. Cases have arisen in which it was thought necessary to require a defendant in a judgment at law to seek relief in equity from such judgment. Where the facts are numerous and complicated the propriety of that course will be apparent.

In other cases it may be necessary to frame an issue for a jury in order to determine the liability of the defendant. *Cooley* v. *Gregory*, 16 Wis., 303.

Upon any information we now have in the case at bar it will not be necessary to resort to either of these proceedings. According to the opinion of the Illinois Court the matter in issue between the parties is the effect of a discharge in bankruptcy on plaintiff's demand. That matter will be heard in the Superior Court of Cook county, Illinois, and we can await the decision of that Court without putting the parties to the expense of another trial here. Meanwhile all proceedings on this judgment will be stayed, with leave to defendant to renew his motion to vacate our judgment if he shall be successful in the Courts of Illinois. If this measure of relief shall not be adequate to the protection of defendant's rights, he may be compelled to go into equity; or, if he has anything further to suggest in this proceeding, he will be heard after notice to plaintiff.

*M. B. Carpenter*, for defendant.
*S. P. Rose*, for plaintiff.