ANNA JANOUS, APPELLANT, v. COLUMBUS STATE BANK, APPELLEE.

FILED JUNE 2, 1917.   No. 19506.

1. **Appeal.** The fact that the plaintiff has recovered a judgment in a foreign jurisdiction upon a judgment rendered in this state will not require this court to dismiss an appeal regularly taken from the original judgment, or from a judgment in an action in equity to vacate the former judgment.

2. **Judgment:** VACATION: EFFECT ON FOREIGN RECOVERY ON DOMESTIC JUDGMENT. In such case, if the original judgment is set aside and final judgment entered in favor of the defendant in the original action, the judgment in the foreign jurisdiction will be voidable.

3. **Process:** SHERIFF'S RETURN: PRESUMPTION. When a judgment is attacked collaterally, or when a long time after the judgment is entered the correctness of the sheriff's return is assailed, great faith and credit must be given to the formal return of the officer.

4. **Judgment:** SUIT TO VACATE: SERVICE OF PROCESS: EVIDENCE. In an action to set aside the service and the judgment entered therein, if the validity of the service depends upon the facts, and the officer and the persons present when the supposed service is made testify in detail as to the facts of service, and the preponderance of the evidence shows that no legal service was made, the service and judgment will be set aside and a new trial ordered.

5. **Process:** SERVICE OF SUMMONS: EVIDENCE. If the officer hands the copy of the summons to the defendant, and immediately retakes it and does not return it to defendant, the proof must show that the defendant knew, or had reason to suppose, that it was a summons for her, and that she had been sued, or such service will be invalid.

APPEAL from the district court for Platte county: GEORGE H. THOMAS, JUDGE. *Reversed, with directions.*

*Garlow & Long,* for appellant.

*A. M. Post* and *Albert & Wagner, contra.*

SEDGWICK, J.

The defendant bank began an action against the plaintiff in the district court for Platte county and obtained a judgment. Afterwards the plaintiff began this action in the district court for Platte county, which is an action in equity to set aside the former judgment. It was decided against the plaintiff in the district court, and she has appealed to this court.

The bank began an action in Colorado against the plaintiff herein upon the first judgment obtained in the district court for Platte county, and obtained a judgment in Colorado upon a transcript of that judgment. Afterwards the defendant bank moved to dismiss this appeal. This motion was continued to the final hearing upon the appeal. The defendant contended: "If, pending an appeal, an event occurs which makes a determination of it unnecessary or renders it clearly impossible for the appellate court to grant effectual relief, the appeal or writ of error will be dismissed without prejudice." 4 C. J. 584. There is no doubt about the correctness of this rule, but the question in this case is whether obtaining the judgment in Colorado will prevent this court from granting effectual relief. The plaintiff cites several cases holding that it will not. In *Heckling, Ex'x, v. Allen,* 15 Fed. 196, the first paragraph of the syllabus is: "Suit was brought in Colorado on a judgment rendered by the superior court of Cook county, Illinois, and judgment was rendered here. Subsequently the Illinois judgment, the case being removed by writ of error to the appellate court of that state, was reversed. Defendant sets up these facts in a petition, and moves that the judgment be vacated. Held, that such proceeding is allowable." *Hawes v. Hathaway,* 14 Mass. *233, *Brennan v. Berlin Iron Bridge Co.,* 73 Conn. 412, and *Ætna Ins. Co. v. Aldrich,* 38 Wis. 107, seem to support the rule in the Federal Reporter. The action in Colorado was

strictly upon the former judgment in this case, and, if that judgment is vacated and judgment finally entered for defendant, the Colorado court will no doubt vacate its judgment also.

As this case is presented, there is but one question now to be considered, and that is as to the service of the summons in the original case. The defendant bank, plaintiff in the original suit, in its brief says: "The sheriff's return made under the solemnity of his official oath is presumptively true, and impeachable only upon the clearest and most unmistakable proof of its falsity." When a judgment is attacked collaterally, or when a long time after the judgment is entered the correctness of the sheriff's return is assailed, there is no doubt that great faith and credit must be given to the formal return of the officer. In this case, however, the evidence of the officer who made the service was taken soon after the service was made, and he tells in detail the facts connected with the service. Under these circumstances we think that the validity of this service depends upon the facts as testified to by the sheriff and the other witnesses present. From his evidence it appears that the plaintiff in this case, defendant in the original action, "was quite an elderly lady; she appeared to me to be about—oh, I don't know, at least 70 or 75; she was quite old." He says, "She spoke German." The original action was upon a promissory note which the plaintiff therein alleged was signed by this plaintiff and several of her sons-in-law and daughters. The plaintiff, who was a resident of Colorado, was at the home of one of her daughters to attend a funeral of the daughter's little child. The evidence shows without contradiction that the plaintiff was not familiar with the English language and could speak it very little. On the day of the funeral the sheriff says: "I went up to the residence, and some young lady, I don't know who she was, came to the door, and I asked for Mrs. Janous, I asked if Mrs. Janous was there, and she said, 'Yes.' So she called her to the door, and I told her that I had a summons for her. Q. Were you

speaking in German or English? A. No; I was speaking in English at the time, and she evidently didn't understand me, and so I asked the girl there, whoever she was, if the old lady could speak German, and she said, 'Yes,' and so I told her in German, *as near as I could,* that it was a summons, that she was sued by some party, and that it was necessary for me to deliver the paper to her. She accepted the paper, and spoke to the girl." This girl the sheriff speaks of was the plaintiff's daughter, and was one of the defendants in the case. The sheriff was not aware of that fact at the time. The sheriff testified: "The girl ask me what the old lady should do about the paper, and I said she could do as she pleased about it. Q. Were you speaking in German? A. No, to the girl I was speaking in English. She could do as she pleased with it, and I suggested that I would, if she wanted me to, that I would take the paper and give it to Joe, but I also had a summons for Joe anyway." The sheriff says that he handed the summons to the "old lady," and "then she returned it to me, and told me in German to give it to Joe." The plaintiff and her daughter deny that the summons was ever handed to her at all. However that may be, the sheriff immediately took it, according to his testimony, and delivered it to Joe. As Joe was one of the principal defendants in the case, it was, of course, necessary to deliver him a copy in order to make the proper service. The sheriff nowhere testifies that this plaintiff knew that the paper he was handing to her was a summons, or that she had been sued. He testifies that he told her that in German, "as near as I could." How well he could speak German and how plain he could make it to her is not indicated, but the statement that he told her as near as he could indicates that he could not speak German fluently. She testifies that she never knew that it was a summons or that she had been sued until after she had returned to Colorado and was notified that they had a judgment against her in this state. The supposed service was on Saturday, and on Monday the plaintiff returned to her

Janous v. Columbus State Bank.

home in Colorado. The plaintiff testifies that she never signed the note sued upon. There is no proof that she was a principal on the note. If her sons-in-law had the entire consideration for the note, and if this plaintiff received nothing for the note, and believed that she never signed it, she would naturally not be very curious about papers connected with it. And if the sons-in-law had placed, or caused to be placed, the plaintiff's name on the note, it is not at all certain that they would take any great pains to inform her that she had been sued thereon. At all events, if the sheriff handed the summons to her and immediately retook it, as he says he did, it would not amount to service without clear proof that she received it with knowledge that it was service of a summons. Such proof is entirely lacking. The preponderance of the evidence is that this plaintiff knew nothing about the nature of the paper, but in good faith supposed it was some matter relating to local affairs that could be attended to by Joe, as he is called, one of the principal defendants in this case. This being an action in equity, we must determine it upon the evidence in the record without reference to the findings of the trial court. Of course, under our former decisions, if there was plainly a conflict in the testimony between the sheriff and this plaintiff, the fact that the court saw these witnesses and heard them testify would have influence with this court in determining that fact; but as we view this evidence, it does not appear clearly that there is a substantial conflict in this testimony upon the controlling facts in the case. These three witnesses appear to testify in good faith, and, as we have said, the preponderance of the evidence is that the summons was not delivered to and left with this plaintiff; it was immediately retaken by the sheriff, and the plaintiff had no actual knowledge of the nature of the paper that was shown to her.

The judgment of the district court is reversed and the cause remanded, with directions to set aside the original judgment and grant a new trial therein.

JUDGMENT ACCORDINGLY.

LETTON, J., not sitting.

The following opinion on motion to amend judgment was filed November 3, 1917. *Former judgment modified and cause remanded, with directions.*

SEDGWICK, J.

The defendant has filed a motion to amend the former judgment of this court by eliminating therefrom the direction for final judgment, and so as to remand the case for further proceedings in the district court. The defendant suggests that the Colorado court had jurisdiction in the action upon the transcript of the judgment to determine the question of the jurisdiction of the court of this state over the person of the defendant in that case, and that therefore the judgment of the Colorado court is binding upon this court. There is no doubt of the general proposition that in an action upon a foreign judgment the court may try the question whether the foreign court had jurisdiction of the action or of the person of the defendant therein. But that principle has no application in this case. In our former opinion, *ante,* p. 393, we quoted the statement from 4 C. J. 584, relied upon by the bank, but it was suggested in the opinion that, although the rule as stated was undoubtedly correct in general, it was not decisive of this case, because the question here presented is whether the Colorado court could prevent this court from granting effectual relief. The statement copied from 4 C. J. is, in the text, immediately followed by the statement: "If, however, the intervening event was due to the voluntary act of appellee the appeal will not be dismissed." If this was not so, that is, if the intervening event was due to the act of the appellee himself, and the appellee could then insist upon that act as grounds for dismissing the appeal, he might by proceeding upon his judgment in a foreign court prevent or at least very much limit the time allowed the judgment debtor for perfecting his appeal. As soon as he obtained his judgment he might proceed in another state, and if he could obtain a judgment there upon his transcript before the appeal could be heard in the courts of the state of the original judg-

ment he would then be entitled to have the appeal dismissed. He cannot in that manner oust this court of jurisdiction. The courts of one state must give full faith and credit to the final judgment of the courts of another state, but a judgment is not final in that sense as long as the courts of the state that render the judgment have jurisdiction under their practice to vacate or modify that judgment. In a note to *Dunstan v. Higgins*, 20 L. R. A. 668, 677 (138 N. Y. 70) it is said: "A foreign judgment will not be enforced unless it be final and conclusive. * * * If it is not conclusive in the same court which pronounced it, so that notwithstanding such a judgment the existence of the debt may, between the same parties, be afterwards contested in that court, and, upon proper proceedings being taken and such contest being adjudicated upon, it may be declared that there existed no obligation to pay the debt at all, then it cannot be regarded as finally and conclusively evidencing the debt." "If the first judgment is reversed after suit has been brought and judgment recovered on it in a foreign jurisdiction the defendant is entitled to have the second judgment reversed by *audita querela,* or a writ of error *coram nobis,* or other appropriate proceedings." 15 R. C. L. 942, sec. 419. This is in accordance with *Heckling, Ex'x, v. Allen*, 15 Fed. 196, and other cases cited in our former opinion.

The defendant suggests that it desires to present this question to the supreme court of the United States, and considers that in doing so it would be in a better position if a transcript of the Colorado judgment was in evidence in this case. The contention of the defendant is an interesting one, and it seems proper to permit the defendant to present it to that court without the embarrassment which it suggests. It is therefore ordered that our former judgment be modified, and that the judgment of the district court be reversed and the cause remanded, with instructions to allow the parties to put in further evidence, if so advised, and proceed further in the case in accordance with this opinion.

JUDGMENT ACCORDINGLY.