# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

January 28, 2013

No. 12-30676
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

HENRY EDWARD DAVISON; ERNESTINE BRADLEY DAVISON,

Defendants-Appellants

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 3:11-CV-817

Before JOLLY, BENAVIDES, and DENNIS, Circuit Judges.

PER CURIAM:[*]

In this case, Appellants Henry E. Davison and Ernestine B. Davison appeal the district court's denial of the Davisons' motion under Rule 60(b) of the Federal Rules of Civil Procedure seeking relief from a judgment *in rem* in favor of the United States. We find that the district court did not abuse its discretion in denying the motion and we therefore affirm the district court's judgment.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 12-30676

FACTUAL AND PROCEDURAL BACKGROUND

In 1980 and 1981, the Davisons obtained two loans from the Farmers Home Administration ("FmHA"). The Davisons executed and delivered promissory notes for the loans and secured payment of the notes by executing mortgages covering two tracts of the Davisons' farmland located in Richland Parish, Louisiana. In June 2011, after the Davisons defaulted on the loans, the United States filed a complaint in the district court seeking a judgment *in rem* for the amounts due under the promissory notes. In their answer, the Davisons alleged that payments satisfying their debt had been made, but not credited by the United States.

On September 21, 2011, the United States filed a motion for summary judgment for the full amount of its claim. The Davisons filed a cross-motion for summary judgment asserting that "the claim alleged no longer exist[s] because it has been paid," R. 87, and that a portion of that repayment had been "misapplied" by the FmHA to a "nonexistent" loan. R. 90.[1] The district court granted summary judgment in favor of the United States and, on December 27, 2011, ordered a judgment *in rem* against the Davisons.

The Davisons filed a motion for a new trial on December 27, 2011 alleging, among other matters, that the district court erred in granting summary judgment since the Davisons had "already satisfied the notes." R. 227. The district court denied the motion, and the Davisons did not appeal the district court's denial. Instead, on May 4, 2012, the Davisons filed a Rule 60(b) motion for relief from the district court's December 27, 2011 judgment *in rem*, alleging that the judgment had already been satisfied and had resulted from fraud perpetrated by the United States. Specifically, the Davisons alleged that an

---

[1] The district court struck the Davisons' motion for summary judgment and their memorandum in support of the motion from the record for failure to include a certificate of service.

No. 12-30676

FmHA official conspired with officials at First Republic Bank of Rayville, Louisiana to divert loan payments made by the Davisons to a "dummy" account at First Republic Bank. R. 233. According to the Davisons, "[h]ad it not been for the fraud of the Plaintiff the debt would not remain due." R. 234. The district court denied the Davisons' motion on May 23, 2012 and this timely appeal followed.

## STANDARD OF REVIEW

We review a district court's denial of a Rule 60(b) motion only for abuse of discretion. *Gov't Fin. Servs. One Ltd. P'ship v. Peyton Place*, 62 F.3d 767, 770 (5th Cir. 1995). Under this deferential standard of review, "[i]t is not enough that the granting of relief might have been permissible, or even warranted—denial must have been so *unwarranted* as to constitute an abuse of discretion." *Northshore Dev., Inc. v. Lee*, 835 F.2d 580, 582 (5th Cir. 1988).

## ANALYSIS

Among other grounds for relief, Rule 60(b) provides that "the court may relieve a party or its legal representative from a final judgment, order, or proceeding" because of "fraud . . . by an opposing party," FED. R. CIV. P. 60(b)(3), or because "the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable," FED. R. CIV. P. 60(b)(5). The Davisons assert on appeal, as they did in their original 60(b) motion, that they are entitled to relief from the district court's December 27, 2011 judgment *in rem* because 1) the United States engaged in a fraudulent scheme to "convert" the Davisons' payments, 2) the judgment was satisfied by payments that the United States failed to credit, and 3) it is no longer equitable to enforce the judgment. Br. of Defs.-Appellants 8–9.[2]

---

[2] The Davisons also assert that the district court erred by failing to hold a hearing to consider their Rule 60(b) motion. Because the Davisons cite no authority in support of this

No. 12-30676

It is well established that a party "may not use a Rule 60(b) motion as an occasion to relitigate its case." *Gen. Universal Sys. v. Lee*, 379 F.3d 131, 157 (5th Cir. 2004); *see also Browder v. Director, Dep't of Corrections*, 434 U.S. 257, 263 n.7 (1978) ("[A]n appeal from denial of Rule 60(b) relief does not bring up the underlying judgment for review."); *Addington v. Farmer's Elevator Mut. Ins. Co.*, 650 F.2d 663, 668 (5th Cir. 1981) (holding that Rule 60(b) motion fails because plaintiff "alleged no facts indicating that the issues raised were not open to litigation in the former action or that he was denied a fair opportunity to make his claim or defense in that action"); 11 WRIGHT, MILLER, & KANE, FEDERAL PRACTICE AND PROCEDURE § 2860, at 416 (3d ed. 2012) ("[A Rule 60(b)(3)] motion will be denied if it is merely an attempt to relitigate the case . . . ."); 11 WRIGHT, MILLER, & KANE, *supra*, § 2863, at 459 ("[Rule 60(b)(5)] does not allow relitigation of issues that have been resolved by the judgment."). The Davisons' Rule 60(b) motion focuses on the United States' alleged failure to credit payments made by the Davisons, either through fraud or mistake, but this issue was thoroughly litigated before the district court. Indeed, some variation of the Davisons' allegations in their Rule 60(b) motion can be found in their answer to the original complaint, their motion for summary judgment, and their motion for a new trial.

## CONCLUSION

Accordingly, because the Davisons' Rule 60(b) motion is an attempt to relitigate the underlying judgment, we AFFIRM the district court's denial of the motion.

AFFIRMED.

---

argument, and because we find none, the argument fails.

4