**In re Timothy Wayne MROZINSKI, Debtor.**

**Yvette Gaff Kleven, Trustee, Plaintiff**

**v.**

**Timothy Wayne Mrozinski, Defendant.**

**Bankruptcy No. 11–10608.**
**Adversary No. 12–1020.**

United States Bankruptcy Court, N.D. Indiana, Fort Wayne Division.

March 11, 2013.

Douglas R. Adelsperger, Adelsperger & Kleven, LLP, Fort Wayne, IN, for Debtor.

Yvette Gaff Kleven, Adelsperger & Kleven, LLP, Fort Wayne, IN, pro se.

Ronald Glen Thomas, Angola, IN, for Debtor/Defendant.

### DECISION ON MOTION TO SET ASIDE DEFAULT JUDGMENT

ROBERT E. GRANT, Chief Judge.

A default judgment was entered against the debtor in this adversary proceeding on June 12, 2012. That judgment did two things. It revoked the debtor's discharge because he had refused to comply with a turnover order, see, 11 U.S.C. § 727(d)(3), (a)(6)(A), and it entered a money judgment against him in the sum of $2,839, the amount the turnover order required him to pay the trustee.[1] The debtor has since

---

1. Rule 7069 of the Federal Rules of Bankruptcy Procedure (Fed.R.Civ.P. Rule 69) addresses the enforcement of money judgments. Since it applies to contested matters, see, Fed. R. Bankr.P. Rule 9014(c), it is not necessary to file an adversary proceeding in order to obtain a money judgment based upon a turnover order entered in the main case requiring the payment of a specific sum. The turnover order can be enforced in the same manner as a judgment in an adversary proceeding. See, In re White, 389 B.R. 693, 699 (9th Cir. BAP 2008); In re Rynda, 2012 WL 603657 *3, 2012 Bankr.LEXIS 688 (9th Cir. BAP 2012).

Yet, some trustees seem to feel more comfortable filing an adversary proceeding when they want to enforce a money judgment. Although that is not necessary, there seems to be no harm in doing so, so long as the trustee does not attempt to separately satisfy both orders, and the debtor could presumably raise the affirmative defense of res judicata in the adversary proceeding, see Fed. R. Bankr.P. Rule 7008(c)(1), based upon the order from the main case. Nonetheless, the possibility that the trustee might seek two satisfactions is not the issue in this matter.

paid the trustee the amount required (and the trustee has filed a satisfaction of judgment) but the other component of the judgment—revocation of discharge—remains in place. As a result, the debtor filed the motion presently before the court, seeking relief from that aspect of the judgment. The debtor's argument is relatively straight-forward: His discharge was revoked because he had failed to obey the court's prior turnover order; since he has now paid that amount, the judgment revoking discharge should be set aside and his discharge restored. The motion was originally based upon Rules 60(b)(5) and (b)(6) of the Federal Rules of Civil Procedure, but, after the trustee's brief in opposition and shortly before the hearing on the motion, the debtor seems to want to change the focus of his arguments to something more closely resembling Rule 60(b)(1). The matter is before the court following that hearing.

▮▮ The court has wide discretion in deciding motions under Rule 60(b), *see, Zuelzke Tool & Engineering Co. v. Anderson Die Castings, Inc.,* 925 F.2d 226, 228–29 (7th Cir.1991); *Reinsurance Co. of America, Inc. v. Administratia Asigurarilor de Stat (Admin. of State Ins.),* 902 F.2d 1275, 1277 (7th Cir.1990), *Cincinnati Ins. Co. v. Flanders Elec. Motor Service, Inc.,* 131 F.3d 625, 628 (7th Cir.1997), and the movant bears the burden of proving that the court should grant relief. *Matter of Canopy Financial, Inc.,* 708 F.3d 934, 937 (7th Cir.2013); *Peacock v. Board of School Commissioners of Indianapolis,* 721 F.2d 210, 213 (7th Cir.1983).

▮▮ Rule 60(b)(5) allows the court to grant relief from a judgment when it "has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable." It is the first portion this rule that forms the basis for the debtor's primary argument—that the judgment in question has been satisfied. This part of Rule 60(b) "has been relied upon very rarely," 11 Charles Alan Wright & Arthur R. Miller, Fed. Prac. & Proc. Civ. § 2863 (3d ed.), and so there are few reported decisions discussing it. Those that do, however, generally use it to prevent the plaintiff from obtaining a windfall by collecting more than the amount actually due on account of a particular judgment, such as when it may have been paid or satisfied by someone else or a single judgment has been entered against multiple defendants. *See e.g., AIG Baker Sterling Heights, LLC v. Am. Multi–Cinema, Inc.,* 579 F.3d 1268, 1272 (11th Cir. 2009); *Landau & Cleary, Ltd. v. Hribar Trucking, Inc.,* 867 F.2d 996, 1001 (7th Cir.1989); *Oliver v. City of Shattuck ex. rel. Versluis,* 157 F.2d 150, 153 (10th Cir. 1946); *Heckling v. Allen,* 15 F. 196, 198 (C.C.D.Colo.1882). *See also, Lovejoy v. Murray,* 70 U.S. 1, 7, 3 Wall. 1, 18 L.Ed. 129 (1865) (discussing the writ of audita querela). Consequently, this part of Rule 60(b)(5) appears to serve as a defendant's remedy when the holder of the judgment refuses to acknowledge that it has been satisfied or to file a satisfaction of judgment. *See e.g.,* Indiana Trial Rules 63.1(b), 67(B). Viewed in this way, the rule is inapplicable to a monetary judgment entered against a single defendant, which is later paid, unless the plaintiff would refuse to file a satisfaction or release of its judgment. That is not the situation here.

▮▮ Debtor's argument that the judgment has been satisfied fails to fully appreciate that the judgment in question has two components. The first is a money judgment in the sum of $2,893; the second is the revocation of discharge. The argument based upon the satisfaction of the obligation that led to the revocation of

debtor's discharge seems to implicate the third portion of Rule 60(b)(5), "applying it prospectively is no longer equitable," more than it does the first. *In re Jacobs*, 2008 WL 4369273 *3, 2008 Bankr.LEXIS 3611 (Bankr.D.Kan.2008) ("as a practical matter, a judgment revoking a debtor's discharge can never be satisfied."). This portion of the rule is most appropriately addressed to injunctions, which compel a defendant to do or not to do something, when the circumstances which led the court to issue that command no longer exist. Nonetheless, it is not limited to them and can be applied to any judgment that has a prospective effect. 11Charles Alan Wright & Arthur R. Miller, Fed. Prac. & Proc. Civ. § 2863 (3d ed.). We should recognize, however, nearly every judgment has some sort of prospective effect—even a money judgment will continue to have an impact upon the judgment defendant until it has been satisfied. Accordingly, the prospective effect needed to trigger this part of Rule 60(b)(5) requires the judgment to regulate the defendant's actions in a way that would involve the court supervising the ongoing relations between the parties, changing conduct or conditions. *See, Twelve John Does v. District of Columbia*, 841 F.2d 1133, 1138 (C.A.D.C.1988) (citing *United States v. Swift & Co.*, 286 U.S. 106, 52 S.Ct. 460, 76 L.Ed. 999 (1932); *State of Pennsylvania v. Wheeling & Belmont Bridge Co.*, 59 U.S. 421, 18 How. 421, 15 L.Ed. 435 (1856)). The court's judgment revoking the debtor's discharge does not have that type of prospective effect. *Jacobs*, 2008 WL 4369273 *3, 2008 Bankr.LEXIS 3611 *11. Instead of compelling the debtor to act or to refrain from acting, or to do anything whatsoever, the court's judgment was simply declaratory: it spelled out the rights of the debtor and his creditors as a result of this proceeding. The declaration was that the discharge would be revoked, and that does not require the court to supervise the ongoing relations between the debtor and his creditors.

■ While filing a petition for relief under the Bankruptcy Code offers debtors a number of benefits—chief among them being the discharge—it also imposes duties upon them. *See e.g.*, 11 U.S.C. § 521, Fed. R. Bankr.P. Rule 4002. In essence, those duties require a debtor to truthfully and accurately disclose its assets and liabilities, cooperate with the trustee administering the case, and surrender property of the bankruptcy estate to the trustee so that it can be liquidated for the benefit of creditors. In motivating a debtor to fulfill these obligations, the Bankruptcy Code often takes a carrot and stick approach. The carrot is the discharge that the debtor will receive. One of the available sticks is that the discharge can be denied or revoked. That is what happened here. The debtor came into possession of property of the bankruptcy estate, failed to deliver it to the trustee and then refused to comply with an order requiring him to do so. *See*, 11 U.S.C. § 727(a)(2)(B), (a)(6), (d)(2), (3). The debtor's motion fails to recognize that the denial or revocation of discharge is a remedy for a debtor's misconduct and, as such, is designed to deter it. The trustee is entitled to *both* the property in question *and* the revocation or denial of the debtor's discharge; not one or the other. *See*, *In re Baber*, 2007 WL 3113336, 2007 Bankr.LEXIS 3643 (Bankr.N.D.Okla. 2007); *In re Butler*, 2004 WL 3127441 (Bankr.C.D.Ill.2004). *See also*, *In re Thomas*, 2011 WL 2193357, 2011 Bankr.LEXIS 2155 (Bankr.N.D.Ohio 2011); *Jacobs*, 2008 WL 4369273, 2008 Bankr.LEXIS 3611.

■■ The rules which require a debtor to surrender property to the trustee and to cooperate with the trustee contemplate a certain degree of willingness. Fulfilling those obligations should not be like pulling

teeth and a trustee should not be required to hound the debtor into doing so. *In re Baker*, 1990 WL 305559 *5 (Bankr. N.D.Ind.1990). Yet, to grant the debtor's motion would encourage just that sort of reluctant behavior. It would encourage debtors to, in effect, play chicken when it comes to responding to the trustee's demands and to adopt a pattern of obdurate behavior which would test the trustee's seriousness in making them. To grant the debtor's motion because he has now done something he should have done months ago would encourage others to ignore the trustee's letters or informal requests, motions seeking turnover, the orders granting them, and adversary proceedings based upon those orders without much danger of jeopardy. After things had been pushed to the limit and the discharge denied or revoked, a debtor would need to do little more than come forward with belated compliance in the hopes that what had been denied would be restored. Such a ruling would undermine the deterrent effect § 727 is supposed to have and do nothing to improve the efficiency of the administration of bankruptcy estates. Accordingly, the court holds that a debtor who has had a discharge revoked or denied due to the failure to obey a court order is not entitled to have the discharge restored, through the use of Rule 60(b)(5), by coming forward with belated compliance. *Accord, Thomas*, 2011 WL 2193357, 2011 Bankr.LEXIS 2155; *Jacobs*, 2008 WL 4369273, 2008 Bankr.LEXIS 3611. Instead, the trustee is entitled to both compliance and denial or revocation of discharge.

■■■ The debtor's claim for relief under Rule 60(b)(6)—any other reason that justifies relief—also fails. What the court has already said about the linkage between a debtor's discharge and the faithful performance of its obligations under the Bankruptcy Code sufficiently explains why the court sees nothing so unjust about the judgment to warrant granting relief under this portion of the rule. Furthermore, Rule 60(b)(6) requires a showing of "exceptional circumstances" and nothing the debtor has filed demonstrates that they exist here. *Helm v. Resolution Trust Co.*, 84 F.3d 874, 878–79 (7th Cir.1996). *See also, Williams v. Hatcher*, 890 F.2d 993, 996 (7th Cir.1989); *Inryco, Inc. v. Metropolitan Engineering Co. Inc.*, 708 F.2d 1225 (7th Cir.1983).

Although the debtor's motion was originally based only on sub-paragraphs 5 and 6 of Rule 60(b), shortly prior to the hearing debtor's counsel attempted to transform it into something else—something more akin to 60(b)(1), "mistake, inadvertence, surprise, or excusable neglect"—by asking the court to consider an affidavit submitted by the debtor in support of the motion.[2] Since those issues were not raised in the debtor's original motion, the court will not consider them. *See, Wilson v. Giesen*, 956 F.2d 738, 741 (7th Cir.1992) (arguments not raised in initial brief are waived). *See also, GMAC Mortgage Corp. of Pennsylvania v. Weisman*, 1997 WL 83416 *4, 1997 U.S. Dist. LEXIS 2042 *11–12 (S.D.N.Y.1997) (arguments raised only in an affidavit not considered).

Debtor's motion will be denied. An order doing so will be entered.

■■■

---

**2.** That affidavit, as well as any other materials in support of the motion, including a brief, were to have accompanied the motion when it was originally filed. *See,* N.D. Ind. L.B.R. B–9023–1(a). Although the court, on its own initiative, gave the debtor additional time within which to submit any supporting materials, that time expired on November 9, well before the date the court was asked to consider them.