**DAVID GOULD, Appellant/Plaintiff**
**v.**
**MOHAMMED S. SALEM and ZAINA Z. SALEM,**
**Appellees/Defendants**

S. Ct. Civil No. 2010-0098

Supreme Court of the Virgin Islands

September 25, 2013

JAMES M. DERR, ESQ., Law Offices of James M. Derr, St. Thomas, USVI, *Attorney for Appellant.*

KYLE R. WALDNER, ESQ., Smock & Moorehead, St. Thomas, USVI, *Attorney for Appellees*.

HODGE, *Chief Justice*; CABRET, *Associate Justice*; and SWAN, *Associate Justice*.

## OPINION OF THE COURT

(September 25, 2013)

CABRET, *Associate Justice*. This appeal returns to this Court after we remanded the matter to the Superior Court to clarify the basis of its December 7, 2010 Order requiring Appellant David Gould to release money, held in escrow by his attorney, to Appellees Mohammed S. Salem and Zaina Z. Salem. *Gould v. Salem*, S. Ct. Civ. No. 2010-0098, 2012 V.I. Supreme LEXIS 47 (V.I. May 31, 2012) (unpublished). Because the Superior Court did not abuse its discretion when it ordered the release of funds pursuant to Federal Rule of Civil Procedure 60(b)(5), we affirm.

## I. FACTUAL AND PROCEDURAL BACKGROUND

This matter originally came before the Court pursuant to Gould's December 10, 2010 notice of appeal, which requested that this Court review the Superior Court's December 7, 2010 Order. As we explained in our prior opinion in this matter:

> On July 5, 2000, Gould sold three parcels of land to the Salems. In exchange, the Salems promised to pay Gould a total of $100,000 plus interest. According to the note governing the payment schedule, the Salems agreed to pay Gould by making monthly payments for fifteen years. Gould secured the Salems' promise to pay with a mortgage on the properties. At some point during the fifteen year payment period, the Salems fell behind on their mortgage payments and defaulted on the note.
>
> On December 3, 2008, Gould filed an action in the Superior Court against the Salems to foreclose on the properties and collect the unpaid balance of the note. Then, on February 12, 2009, Gould moved for summary judgment. The Salems did not oppose Gould's motion, and, on December 16, 2009, the Superior Court entered an order granting summary judgment in favor of Gould. However, the Superior Court "stayed execution on said judgment for a period of one hundred and

twenty (120) days to allow [the Salems] time to pay the entire balance due under the Note and Mortgage." The Salems did not pay the balance due within that period, and, on June 3, 2010, Gould filed a motion for entry of judgment. On June 18, 2010, before the Salems responded to Gould's motion, the Superior Court issued a judgment against the Salems in the amount of $83,936.18. The judgment also foreclosed on the properties, ordered the properties to be sold at a Marshal's sale, and ordered that if the properties sold for less than the amount of the judgment, Gould would have a deficiency judgment against both of the Salems for the remaining balance.

Three days later, the same day the Superior Court entered the judgment, the Salems filed an opposition to Gould's motion for entry of judgment, arguing, among other things, that (1) if the properties sold for less than the amount of the proposed judgment, Gould should have a deficiency judgment against Mohammed Salem only and not his wife Zaina, because Zaina did not sign the promissory note, and (2) Gould erred in calculating the proper amount of the proposed judgment by not including a June 1, 2009 check in the amount of $6,084, which the Salems paid toward the balance of the loan and by including unbilled past property taxes. Despite the fact that the Salems filed their opposition on the same day the Superior Court entered the judgment, the Superior Court nevertheless responded to the Salems' opposition by entering an order and amended judgment recalculating the amount of the judgment as $74,681.69, which still included the amount of the unbilled property taxes, but was reduced to recognize the payment of $6,084 represented by the June 1, 2009 check. The order also indicated that any deficiency judgment resulting from a sale of the properties for less than the amount of the judgment would be against only Mohammed Salem, and not his wife Zaina. The Salems did not appeal the amended judgment and a Marshal's Sale of the properties was scheduled for October 20, 2010.

At some time prior to the Marshal's Sale, the Salems located a financial backer, a relative, enabling them to redeem the properties. On October 18, 2010, the Salems filed a motion for relief from judgment pursuant to Rules 60(b)(5) and (6) of the Federal Rules of Civil Procedure. Gould opposed that motion. On the day of the scheduled sale, the Salems tendered the entire amount of the amended judgment, but the parties agreed that the amount of the disputed property taxes

would be escrowed until the Superior Court took further action. The Salems then filed a "Motion for Release of Funds in Excess of Judgment," renewing their Rule 60(b) motion and also seeking relief from the amended judgment pursuant to 28 V.I.C. § 538 and the Superior Court's inherent authority. Gould opposed this motion.

On December 7, 2010, the Superior Court entered an order requiring Gould to turn over the escrowed property tax monies to the Salems. The court did not specify the basis upon which it entered the order, only writing that "[the] matter [came] before the Court on Defendants' Motion for Release of Funds."

*Gould*, 2012 V.I. Supreme LEXIS 47, at *6 (internal citations and footnotes omitted). In our May 31, 2012 Opinion, we noted that we could not review the December 7, 2010 Order because the Superior Court failed to specify whether it granted the Salems' motion pursuant to Federal Rule of Civil Procedure 60(b)(5), 60(b)(6),[1] 28 V.I.C. § 538, its inherent power, or some other authority. Specifically, we observed that appellate review was impossible because our standard of review would differ depending on the source of the Superior Court's authority.[2] *Id.* 2012 V.I. Supreme LEXIS 47, at *9. Accordingly, we remanded the record to the Superior Court so that it may explain the basis for its ruling, and held Gould's appeal in abeyance pending the Superior Court's decision. *Id.* 2012 V.I. Supreme LEXIS 47, at *11.

On December 14, 2012, the Clerk of the Superior Court notified this Court that the Superior Court issued its decision. In a December 14, 2012 Opinion, the Superior Court explained that it entered its December 7, 2010 Order pursuant to Federal Rule of Civil Procedure 60(b)(5), which provides that a court "may relieve a party . . . from a final judgment" if "the judgment has been satisfied, released or discharged; it is based on an

---

[1] Federal Rule of Civil Procedure 60 applies to proceedings in the Superior Court through Superior Court Rule 50. SUPER. CT. R. 50 ("For good cause shown, the court, upon application and notice to the adverse party, may set aside an entry of default, judgment by default or judgment after trial or hearing. Rules 59 to 61, inclusive, of the Federal Rules of Civil Procedure shall govern such applications.").

[2] For instance, we noted that "[i]f the Superior Court ordered the release pursuant to Federal Rule of Civil Procedure 60(b)(5) or Federal Rule of Civil Procedure 60(b)(6), we would review that decision for abuse of discretion," whereas "[i]f the Superior Court ordered the release pursuant to 28 V.I.C. § 538, we would apply plenary review to that decision." *Gould*, 2012 V.I. Supreme LEXIS 47, at *8.

earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable." According to the Superior Court, "[t]he amended judgment amount was calculated on the assumption that Gould, as the likely future owner of the mortgaged properties, would incur the obligation to pay the unbilled property taxes when they came due," and "the Salems satisfied the amended judgment by tendering the entire amount specified therein, in which case the Salems now have the obligation to pay the unbilled taxes." *Gould v. Salem*, Super. Ct. Civ. No. 587/2008, slip op. at 2 (V.I. Super. Ct. Dec. 13, 2012). Thus, the Superior Court concluded that "[t]he Salems' satisfaction of the amended judgment constitutes a change in circumstance that required a modification to the amended judgment on the ground that Gould had in his possession funds earmarked to pay unbilled taxes that he now has no obligation to pay." *Id.* at 3. This Court, in a February 28, 2013 Order, lifted the abeyance and advised the parties that it would decide the case based on the existing record without the need for further briefing.

## II. DISCUSSION

 This Court has jurisdiction over this civil appeal pursuant to title 4, section 32(a) of the Virgin Islands Code, which provides that "[t]he Supreme Court shall have jurisdiction over all appeals arising from final judgments, final decrees or final orders of the Superior Court, or as otherwise provided by law." Since our May 31, 2012 Opinion ordered a record remand rather than a case remand, Gould's December 10, 2010 notice of appeal is sufficient to invoke this Court's jurisdiction to review both the December 7, 2010 Order and the subsequent December 14, 2012 Opinion. *See Hypolite v. People*, 51 V.I. 97, 102-03 (V.I. 2009) (noting that a record remand, unlike a case remand, does not require a party to file a new notice of appeal after the Superior Court has issued its decision).

As we stated in our prior opinion, we ordinarily review an order granting relief from judgment pursuant to Federal Rule of Civil Procedure 60(b)(5) for abuse of discretion. *Gould*, 2012 V.I. Supreme LEXIS 47 at *8 (citing *Budget Blinds, Inc. v. White*, 536 F.3d 244, 251 (3d Cir. 2008)). However, our review is plenary "to the extent that the ruling was based on an interpretation and application of a legal precept." *In re Infant Sherman*, 49 V.I. 452, 456 (V.I. 2008).

 Here, the Superior Court did not misinterpret the provision in Rule 60(b)(5) providing that it "may relieve a party . . . from a final

judgment" if "the judgment has been satisfied, released or discharged," or otherwise abuse its discretion. We recognize that this provision does not vest the trial court with plenary power to reduce a monetary judgment by re-litigating issues previously decided. *See, e.g., United States v. Davison*, 509 Fed. Appx. 330, 332 (5th Cir. 2013); *United States v. Stonehill*, No. 91-35049, 1992 U.S. App. LEXIS 6498, *2 (9th Cir. Apr. 7, 1992) (unpublished); 11 WRIGHT, MILLER, & KANE, FEDERAL PRACTICE AND PROCEDURE § 2863, at 459 (3d ed. 2012) ("[Rule 60(b)(5)] does not allow relitigation of issues that have been resolved by the judgment."). But while Rule 60(b)(5) "may not be used to challenge the legal conclusions on which a prior judgment or order rests," it "provides a means by which a party can ask a court to modify or vacate a judgment or order [in the event of] 'a significant change either in factual conditions or in law.' " *Horne v. Flores*, 557 U.S. 433, 447, 129 S. Ct. 2579, 174 L. Ed. 2d 406 (2009) (quoting *Rufo v. Inmates of Suffolk Cnty. Jail*, 502 U.S. 367, 384, 112 S. Ct. 748, 116 L. Ed. 2d 867 (1992)). And appellate courts have repeatedly found that this portion of Rule 60(b)(5) authorizes a trial court to conclude that a defendant has satisfied a judgment by means other than providing a direct payment to the plaintiff. Notably, courts have consistently granted Rule 60(b)(5) relief when some subsequent event occurs that would render the original judgment unjust, such as when enforcement of the judgment as written would result in a double recovery or otherwise result in an unwarranted windfall for the plaintiff. *See, e.g., AIG Baker Sterling Heights, LLC v. American Multi-Cinema, Inc.*, 579 F.3d 1268, 1273-74 (11th Cir. 2009) (defendant entitled to Rule 60(b)(5) relief when it presented "unrefuted evidence" that it paid all property taxes directly to the taxing authority and that requiring it to also pay that amount to plaintiff would result in the plaintiff receiving a windfall); *Moseley, Hallgarten, Estabrook & Weeden, Inc. v. Ellis*, 849 F.2d 264, 272 (7th Cir. 1988) (noting Rule 60(b)(5) serves as mechanism to preclude double recovery, such as when plaintiff seeks to execute full amount of judgment against two joint and severally liable defendants); *Sunderland v. City of Philadelphia*, 575 F.2d 1089, 1090-91 (3d Cir. 1978) (plaintiff not entitled to enforcement of full judgment against defendant when defendant's insurer provided partial payment directly to plaintiff); *In re Mrozinski*, 489 B.R. 818, 821 (Bankr. N.D. Ind. 2013) (noting that Rule 60(b)(5) is "generally use[d] to prevent the plaintiff from obtaining a windfall by collecting more than the amount

actually due . . . such as when it may have been paid or satisfied by someone else or a single judgment has been entered against multiple defendants") (collecting cases). Since the uncontradicted evidence in the record establishes that $13,784.73 of the $74,681.69 monetary judgment was earmarked for payment of unbilled property taxes, and that Gould has not paid — and never will have to pay — any of those taxes as a result of the Salems' successful redemption of the properties, the Superior Court properly granted relief under Rule 60(b)(5).

## III. CONCLUSION

For the foregoing reasons, we affirm the December 7, 2010 Order, as clarified by the December 14, 2012 Opinion.